# EXHIBIT B

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
Matthew Donald Baker et al.

Confirmation No.: 7425

Application No.: 13/786,730

Group Art Unit: 2437

Filing Date: March 6, 2013

Examiner: Matthew Smithers

For:   FEATURE MANAGEMENT OF A COMMUNICATION DEVICE

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Commissioner:

### REPLY PURSUANT TO 37 CFR § 1.111

In response to the Official Action dated **July 17, 2013**, reconsideration is respectfully requested in view of the amendments and/or remarks as indicated below:

- ☐ **Amendments to the Specification** begin on page of this paper.
- ☒ **Amendments to the Claims** are reflected in the listing of the claims which begins on page 2 of this paper.
- ☐ **Amendments to the Drawings** begin on page    of this paper and include an attached replacement sheet.
- ☒ **Remarks** begin on page 9 of this paper.
- ☒ The Commissioner is hereby authorized to charge any fee deficiency, charge any additional fees, or credit any overpayment of fees, associated with this application in connection with this filing, or any future filing, submitted to the U.S. Patent and Trademark Office during the pendency of this application, to Deposit Account No. 23-3050.

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1.  (Currently Amended) A non-transitory computer readable storage medium comprising instructions that, when executed on a computing device configured to perform a function on a communication network managed by a service provider, cause the computing device to at least:

    send to a server a request to communicate with a remote computing device over the communication network;

    receive in real-time from the server a response indicative of a decision granting or denying the request, the decision being based on one or more policies that are stored at the server and ~~that are configured by~~ based at least in part on input from an administrator; and

    enforce the response by enabling [[a]] the requested communication with the remote computing device over the communication network when the decision grants the request and by disabling the requested communication when the response denies the request, the requested communication being enabled or disabled without ~~storing~~ accessing the one or more policies by ~~on~~ the computing device.

2.  (Original) The non-transitory computer readable storage medium of claim 1, wherein the computing device is a mobile phone.

3.  (Currently Amended) The non-transitory computer readable storage medium of claim 1, wherein the one or more policies ~~are associated with~~ comprise a limit on units of value that can be used to communicate with the remote computing device, wherein the decision denies the request when communicating with the remote computing device causes the limit to be exceeded.

4.  (Currently Amended) The non-transitory computer readable storage medium of claim 1, wherein the one or more policies ~~are associated with~~ comprise a limit on units of value that can be used to communicate with the remote computing device and one or more contacts associated with one or more computing devices, wherein the decision grants the request when

communicating with the remote computing device is associated with a charge of units of value that is within the limit, wherein the decision grants the request when communicating with the remote computing device is associated with a charge of units of value that exceeds the limit and when the remote computing device is [[un]]associated with the one or more contacts, and wherein the decision denies the request when communicating with the remote computing device is associated with a charge of units of value that exceeds the limit and when the remote computing device is unassociated with the one or more contacts.

5. (Original) The non-transitory computer readable storage medium of claim 1, wherein the communication comprises one or more of voice calling, messaging, data surfing, gaming, content accessing, goods purchasing, and service purchasing.

6. (Original) The non-transitory computer readable storage medium of claim 1, wherein the one or more policies comprise one or more of a time-based policy, a location-based policy, and quality of service-based policy.

7. (Original) The non-transitory computer readable storage medium of claim 1, wherein the computing device is associated with a plan managed by the administrator, wherein the plan is shared with a plurality of computing devices.

8. (Currently Amended) The non-transitory computer readable storage medium of claim 7, wherein the one or more policies are accessible by the administrator, and wherein each computing device from the plurality of computing devices is associated with a ~~list~~ set of one or more policies, and wherein each ~~list~~ set of one or more policies is customizable by the administrator.

9. (Original) The non-transitory computer readable storage medium of claim 8, wherein the lists of one or more policies are accessible by the administrator via a website.

10. (Original) The non-transitory computer readable storage medium of claim 1, wherein the one or more policies comprise one or more blocked contacts associated with one or more computing devices, wherein the decision denies the request when the remote computing device is associated with the one or more blocked contacts.

11. (Original) The non-transitory computer readable storage medium of claim 1, wherein the one or more policies control content that can be sent, received, or used by the computing device.

12. (Original) The non-transitory computer readable storage medium of claim 1 further comprising instructions that, when executed on the computing device, cause the computing device to receive a notification when the response denies the request.

13. (Currently Amended) A computing device and configured to perform execute a function on using a communication network managed by a service provider, the computing device comprising a memory bearing instructions that, when executed on the computing device, cause the computing device to at least:

process a request to run a function on the computing device, the function comprising enabling a current communication with a remote computing device over the communication network;

retrieve access a decision stored on the computing device, the decision being having been received from a server and being based on a policy that is stored at the server and that determines whether the function is permitted to run on the computing device, the determination being based on a previous communication with the remote computing device, the policy being managed by an administrator;

receive from the server an update to the decision;

determine whether the request is granted or denied based on the decision and the update; and

enable or disable [[a]] the communication with the remote computing device over the communication network based on the determination.

14.    (Currently Amended) The computing device of claim 13, wherein the policy establishes a ~~total~~ prohibition on content that can be sent, received, or used.

15.    (Original) The computing device of claim 13, wherein the policy establishes a quantity limit on content that can be sent, received or used in a given period of time.

16.    (Original) The computing device of claim 13, wherein the policy establishes a limit on how many units of value can be spent by the user on content that can be sent, received, or used in a given period of time.

17.    (Original) The computing device of claim 16, wherein the instructions, when executed on the computing device, further cause the computing device to notify the administrator, a user of the computing device, or both the administrator and the user when the limit on how many units of value can be spent by the user has been reached.

18.    (Original) The computing device of claim 13, wherein the policy establishes a limit on a type of content that can be sent, received, or used.

19.    (Original) The computing device of claim 18, wherein the limit on a type of content is determined by a filter that reviews content that can be sent, received, or used.

20.    (Original) The computing device of claim 19, wherein the filter is established and managed by the administrator.

21.    (Original) The computing device of claim 19, wherein the filter is established and managed by a third party or by the service provider.

22. (Currently Amended) A method executed on a computing device configured to ~~perform execute~~ a function ~~on~~ using a communication network managed by a service provider, the method comprising:

    initiating a request to communicate with a remote computing device over the communication network;

    receiving from a server an update to ~~a list of~~ one or more policies stored on the computing device, the ~~list being~~ one or more policies having been previously downloaded from the server, ~~and~~ the one or more policies based on input from ~~being managed by~~ an administrator;

    determining whether the request is granted or denied based on the ~~list~~ one or more policies and the update;

    receiving, from the server, data indicative of an action that is consistent with the determination, the data being received in response to sending information indicative of the determination to the server, the action enforcing the determination by enabling a communication with the remote computing device when the information is indicative that the request is granted and by disabling the communication when the information is indicative that the request is denied; and

    communicating with the remote computing device over the communication network based on the action.

23. (Currently Amended) The method of claim 22, wherein the ~~list of~~ one or more policies include[[s a]] user established ~~list of~~ policies and ~~a list of~~ policies established by the administrator, and wherein the ~~established list of~~ policies established by the administrator can take precedence over the user established ~~list of~~ policies.

24. (Currently Amended) The method of claim 23, wherein the ~~list of~~ one or more policies further include[[s a]] third party established ~~list of~~ policies, and wherein the third party established ~~list of~~ policies can take precedence over the user established ~~list of~~ policies and the administrator established ~~list of~~ policies.

25. (Currently Amended) The method of claim 24, wherein ~~an institution attended by the user creates and manages~~ the third party established ~~list of~~ policies is based on input from an institution associated with the user.

26. (Currently Amended) The method of claim 24, wherein ~~an employer of the user creates and manages~~ the third party established ~~list of~~ policies is based on input from an employer associated with the user.

27. (Currently Amended) A method for controlling a computing device configured to ~~perform~~ execute a function ~~on~~ using a communication network managed by a service provider, the method comprising:

   sending to a server a request to communicate with a remote computing device over the communication network;

   receiving in real-time from the server a decision granting or denying the request, the decision being based on a policy stored at the server and configured by an administrator; and

   enforcing the decision by enabling a communication with the remote computing device over the communication network when the decision grants the request and by disabling the communication when the decision denies the request, the communication being enabled or disabled without storing the policy on the computing device.

28. (Currently Amended) The computing device of claim 27, wherein the decision that denies the request ~~includes~~ is further indicative of terminating the request, redirecting the request, or degrading the request.

29. (Currently Amended) The computing device of claim 28, wherein the policy comprises a quality of service policy, and wherein the degrading the request is based on the quality of service policy.

30.　　(Currently Amended) The computing device of claim 27, ~~wherein the decision that grants the request includes~~ <u>further comprising one of</u> decrementing a charge of units of value from an account associated with the computing device, determining a balance of units of value in the account, determining a status of the account, or implementing the request <u>when the decision grants the request</u>.

## REMARKS

Claims 1-30 are pending in the present application. Claims 1-30 stand rejected. Further examination of the present application in view of the following remarks is hereby requested. Claims 1, 3, 4, 8, 13, 14 and 22-30 have been amended to further clarify the claims.

### *Claim Rejections – 35 U.S.C. § 112*

Claim 4 stand rejected under 35 U.S.C. § 112(b) or 35 U.S.C. § 112 (pre-AIA), second paragraph, as being indefinite. *Office Action*, at 2. Applicants respectfully request reconsideration. The Office Action states that it is not clear how the server can send a grant decision and a deny decision based on the same set of conditions. *Id.* at 3.

Claim 4 has been amended to correct a typographical error, clarifying that the grant decision and a deny decision are based on different conditions. Reconsideration and withdrawal of the rejection of this claim under 35 U.S.C. § 112(b) is respectfully requested.

### *Claim Rejections – 35 U.S.C. § 102*

Claims 1-30 stand rejected under pre-AIA 35 U.S.C. § 102(b) as being anticipated by Bales et al., hereinafter Bales, U.S. Patent Publication No. 2006/0025139. *Office Action*, at 3. Applicants respectfully request reconsideration.

**Claim 1**, as amended, recites, in part:

> …cause the computing device to at least:
>
> > send to a server a request to communicate with a remote computing device over the communication network;
> >
> > receive in real time from the server a response indicative of a decision granting or denying the request, the decision being based on one or more policies that are stored at the server and based at least in part on input from an administrator; and
> >
> > enforce the response by enabling the requested communication with the remote computing device over the communication network when the decision grants the request and by disabling the requested communication when the response denies the request, the requested communication being enabled or

disabled without accessing the one or more policies by the computing device.

The Office asserts that the Abstract, paragraphs [0046]-[0049], [0060]-[0061], [0234]-[0254], and Figures 3-5 and 12-13 of Bales disclose the limitations of claim 1. *Office Action*, at 3-5. Applicants submit that Bales, as cited and in general, fails to disclose the subject matter of claim 1 for a number of reasons.

Bales discloses a system (media gateway system 74 and CSCF 76, see Figure 3) between a radio area network (RAN) 12 and an IP PBX network (private branch exchange server 50 --- a system, for example, that receives a called number placed by a cell phone 74 and uses an extension to connect the call to a phone (54, 56, 58) within the IP PBX network). Bales also enables the IP PBX services to be extended to the cell phone (e.g., calling a number and inputting an extension to connect to the cell phone). However, this is different from claim 1 because Bales does not describe a distributed architecture where policy decisions are performed at the server level and those policies are enforced on the phone itself. The Office fails to note that claim 1 recites that the "computing device" is caused to "send to a server a request," "receive from the server a response," and "enforce the response," but without the computing device accessing the policies. In Bales, the communication device does not receive the response from the server and does not enforce the response.

For example, Bales paragraph [0046] discloses:

> Call session control function (CSCF) 76 serves as a trigger point to invoke various policy logic when setting up a communication in the integrated cellular-PBX system... CSCF 76 further includes or has a communication link with various policy servers 84, which contain policy logic for determining how to handle particular communication setup requests and the like. CSCF 76 is then coupled with IP PBX server 50, so as to facilitate signaling with the IP PBX server.

Bales paragraph [0238] discloses:

> When CSCF 76 receives a SIP INVITE seeking to set up a call for WCD 14 from MGC 80 to IP PBX 50 or a SIP INVITE seeking to set up a call for WCD 14 from IP PBX 50 to MGC 80, CSCF 76 may perform some or all of the functions described above to determine whether the cellular-PBX integration service

> should be provided, such as whether the WCD is currently
> checked-into or checked-out of the cellular-PBX integration
> service.

In contrast, the above subject matter of claim 1 recites that the computing device receives from the server a response indicative of a "decision granting or denying a request to communicate with a remote computing device over the communication network." The decision is based on one or more policies that are stored at the server. Furthermore, the *device* enforces the response by "enabling the requested communication with the remote computing device over the communication network when the decision grants the request." The *device* also enforces the response by "disabling the requested communication when the response denies the request, the requested communication being enabled or disabled *without accessing the one or more policies by the computing device*" (emphasis added).

Such a device that enforces a response from the server is not disclosed by Bales. Instead, Bales [0241] discloses that the CSCF enforces decisions from policy server:

> If the account balance policy server 100 determines that the
> WCD does not have a sufficient remaining balance, the account
> balance policy server 100 will send a response message back to
> CSCF 76 directing CSCF 76 to not apply cellular-PBX integration.

Likewise, Bales [0061] describes how:

> The policy server may then further modify or reform the
> signaling message and pass it back or along to CSCF 76, which
> may then carry out a designated service policy.

For at least these reasons, Applicants submit that Bales fails to anticipate the invention recited in claim 1 or dependent claims 2-12 which depend on claim 1. Applicants respectfully request reconsideration and withdrawal of the 35 U.S.C. § 102 rejection of claims 1-12.

Applicants herein also address the Office's rejections specific to some of the dependent claims, including claims 4, 7, 8, 10, and 11.

Regarding **claim 4**, the claim recites in part:

> the decision grants the request when communicating with the
> remote computing device is associated with a charge of units of

value that is within the limit, wherein the decision grants the request when communicating with the remote computing device is associated with a charge of units of value that exceeds the limit and when the remote computing device is associated with the one or more contacts, and wherein the decision denies the request when communicating with the remote computing device is associated with a charge of units of value that exceeds the limit and when the remote computing device is unassociated with the one or more contacts.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 6. However, these specific citations only describe allowing PBX integration when the number of allowed minutes is not exhausted, and makes no mention of contacts, let alone determining that the remote device is associated with one or more contacts and permitting or denying calls on that basis. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 4.

Regarding **claim 7**, the claim recites in part:

> wherein the computing device is associated with a plan managed by the administrator, wherein the plan is shared with a plurality of computing devices.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 7. However, these specific citations only describe allowing or disallowing PBX integration, including when the number of allowed minutes is not exhausted, and makes no mention of a plan that is shared with a plurality of computing devices. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 7.

Regarding **claim 8**, the claim recites in part:

> wherein the one or more policies are accessible by the administrator, and wherein each computing device from the plurality of computing devices is associated with a set of one or more policies, and wherein each set of one or more policies is customizable by the administrator.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 7. However, these specific citations only describe allowing or disallowing PBX integration, including when the number of allowed minutes is not exhausted, and makes no mention that a plurality of devices are associated with a set of policies, each of which is customizable by the administrator. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 8.

Regarding **claim 10**, the claim recites in part:

> wherein the one or more policies comprise one or more blocked contacts associated with one or more computing devices, wherein the decision denies the request when the remote computing device is associated with the one or more blocked contacts.

The Office asserts that Bales paragraph [0010] discloses the above subject matter. *Office Action*, at 8. However, Bales paragraph [0010] only discloses that a given WCD (wireless communication device) can be selectively turned on or off from using the cellular-PBX integration function, and makes no mention of denying a request for a device to communicate with a remote device when the remote device is associated with one or more blocked contacts. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 10.

Regarding **claim 11**, the claim recites in part:

> wherein the one or more policies control content that can be sent, received, or used by the computing device.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 8. However, these specific citations only describe allowing or disallowing PBX integration, and makes no mention of controlling *content* that can be sent, received, or used by the computing device. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 1.

Turning to independent claim 13 and its dependent claims 14-21, Applicants address the Office's rejection of claim 13 first and then to its dependent claims.

Regarding **claim 13**, the Office rejects the limitations of:

> ...cause the computing device to at least:
>
> process a request to run a function on the computing device, the function comprising enabling a current communication with a remote computing device over the communication network;
>
> access a decision stored on the computing device, the decision having been received from a server and being based on a policy that is stored at the server and that determines whether the function is permitted to run on the computing device, the determination being based on a previous communication with the computing device, the policy being managed by an administrator;
>
> receive from the server an update to the decision;
>
> determine whether the request is granted or denied based on the decision and the update; and
>
> enable or disable the communication with the remote computing device over the communication network based on the determination

based on similar citations as cited against the limitations of claim 1. *Office Action*, at 9-11. For reasons similar to those discussed above with respect to claim 1, Bales fails to anticipate the invention recited in claim 13.

Claim 13 recites in part that the computing device is caused to:

> *access a decision stored on the computing device*, the decision having been received from a server and being based on a policy that is stored at the server and that determines whether the function is permitted to run on the computing device, the determination being based on a previous communication with the computing device, the policy being managed by an administrator.

(emphasis added). As discussed above, Bales discloses a media gateway system 74 and CSCF 76 between a radio area network and an IP PBX network so that IP PBX services can be extended to the cell phone, and that the CSCF 76 enforces decisions from policy server 100. However, Bales does not disclose that a decision from the server is stored on the computing device and accessed by the computing device.

Claim 13 also recites that the computing device is caused to:

> receive from the server an *update to the decision*;

> determine whether the request is granted or denied *based on the decision and the update*

(emphasis added). None of the passages cited in the Office Action discusses updates to the decision that is stored on the computing device, or that the request is granted or denied based on the decision and the update stored on the computing device.

For at least the above additional reasons, and for reasons similar to those noted above with respect to claim 1, Applicants submit that Bales fails to anticipate the invention recited in claim 13 and its dependent claims 14-21. Applicants respectfully request reconsideration and withdrawal of the 35 U.S.C. § 102 rejection to claim 13 and dependent claims 14-21.

In addition, regarding **claim 15,** the claim recites in part:

> wherein the policy establishes a quantity limit on content that can be sent, received or used in a given period of time.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 11. However, these specific citations only describe allowing or disallowing PBX integration under certain conditions, but makes no mention of a *quantity limit on content* that can be sent, received or used in a given period of time. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 15.

Regarding **claim 18,** the claim recites in part:

> wherein the policy establishes a limit on a type of content that can be sent, received, or used.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 12. However, these specific citations only describe allowing or disallowing PBX integration under certain conditions, but makes no mention of a limit on a *type of content* that can be sent, received, or used. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 18.

Regarding **claim 19,** the claim recites in part:

> wherein the limit on a type of content is determined by a filter that reviews content that can be sent, received, or used.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 12. However, these specific citations only describe allowing or disallowing PBX integration under certain conditions, but makes no mention of a type of content, let alone a *filter* that *reviews content* that can be sent, received, or used. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 19.

Regarding **claim 20,** the claim recites in part:

> wherein the filter is established and managed by the administrator.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 12. However, these specific citations only describe that settings can be provisioned by a web interface, but makes no mention that the filter is established and managed by an administrator. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 20.

Regarding **claim 21,** the claim recites in part:

> wherein the filter is established and managed by a third party or by the service provider.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 12. However, these specific citations only describe that settings can be provisioned by a web interface, but makes no mention that the filter is established and managed by a third party or by the service provider. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 21.

Now, turning to independent claim 22 and its dependent claims 23-26, Applicants address the Office's rejection of claim 22 first and then its dependent claims.

Regarding **claim 22**, the Office rejects claim 22 on similar grounds as claim 13. *Office Action*, at 12-14. Claim 22 recites similar features as in claim 13. Accordingly, for reasons

similar to those noted above with respect to claim 13, Applicants submit that Bales fails to anticipate the invention recited in claim 22 and its dependent claims 23-26.

Furthermore, claim 22 recites in part:

> receiving from a server an update to one or more policies *stored on the computing device*, the one or more policies having been previously downloaded from the server, the one or more policies based on input from an administrator.

As discussed above, Bales discloses a media gateway system 74 and CSCF 76 between a radio area network and an IP PBX network so that IP PBX services can be extended to the cell phone, and that the CSCF 76 enforces decisions from policy server 100. However, Bales does not disclose that policies are stored on the computing device, or that an update to the policies is received from the server.

Claim 22 also recites:

> determining whether the request is granted or denied based on the one or more policies *and the update*

(emphasis added). None of the passages cited in the Office Action discusses updates to the policies, or that the request is granted or denied based on the policies *and* the update.

For at least the above additional reasons, and for reasons similar to those noted above, Applicants submit that Bales fails to anticipate the invention recited in claim 22 and its dependent claims 23-26. Applicants respectfully request reconsideration and withdrawal of the 35 U.S.C. § 102 rejection to claim 22 and dependent claims 23-26.

Regarding **claim 24,** the claim recites in part:

> wherein the one or more policies further include third party established policies, and wherein the third party established policies can take precedence over the user established policies and the administrator established policies.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 15. However, these specific citations only describe that settings can be provisioned by a web interface, but makes no mention that the policies include third party established policies, or that the third party established policies can take precedence over the user established policies and the

administrator established policies. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 24.

Turning to independent **claim 27** and its dependent **claims 28-30**, the Office rejects these claims on similar grounds as claims 1-26. *Office Action*, at 15-18. Independent claim 27 recites similar features as claim 1, for example. Accordingly, for reasons similar to those noted above with respect to claims 1-26, Applicants submit that Bales fails to anticipate the invention recited in claim 27 and its dependent claims 28-30. Applicants respectfully request reconsideration and withdrawal of the 35 U.S.C. § 102 rejection to claim 27 and dependent claims 28-30.

Regarding **claim 28,** the claim recites in part:

> wherein the decision that denies the request is further indicative of terminating the request, redirecting the request, or degrading the request.

The Office generally alleges that Bales paragraphs [0046]-[0049]; [0060]-[0061]; [0234]-[0254]; and Figures 3-5 and 12-13 discloses the above subject matter. *Office Action*, at 17. However, these specific citations only describe allowing and disallowing PBX integration, including when the number of allowed minutes is not exhausted, and makes no mention of terminating the request, redirecting the request, or degrading the request. For at least this reason, Applicants submit that Bales fails to at least disclose the above subject matter of claim 28.

For all of the foregoing reasons, Applicants respectfully submit that claims 1-30 are patentable. Reconsideration is respectfully requested.

## CONCLUSION

Based on the foregoing remarks and amendments, Applicants respectfully request withdrawal of the rejection and the issuance of a notice of allowance. If, for any reason, the Examiner feels that the claims are not in a condition for allowance, Applicants encourage the Examiner to contact Applicants' undersigned attorney in order to resolve any remaining issues.

Further, Applicants respectfully put the Patent Office and all others on notice that all arguments, representations, and/or amendments contained herein are only applicable to the present application and should not be considered when evaluating any other patent or patent application including any patents or patent applications which claim priority to this patent application and/or any patents or patent applications to which priority is claimed by this patent application.

Respectfully submitted,

Date: 10/17/2013　　　　　　　　　　　　　　　　/Timothy D. Casey/
　　　　　　　　　　　　　　　　　　　　　　　　Timothy D. Casey
　　　　　　　　　　　　　　　　　　　　　　　　Registration No. 33,124

Woodcock Washburn LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: (215) 568-3100
Facsimile: (215) 568-3439