# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | SA CV18-01519 JAK (PLAx) | Date | February 28, 2019 |
|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. 37)

### I. Introduction

Kajeet, Inc. ("Plaintiff") brought this action against Qustodio, LLC ("Defendant") on August 24, 2018, alleging infringement of U.S. Patent No. 8,712,371 ("the '371 Patent"), U.S. Patent No. 8,630,612 ("the '612 Patent") and U.S. Patent No. 8,667,559 ("the '559 Patent"). Complaint, Dkt. 1.

On November 21, 2018, Defendant brought a Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). Dkt. 37. In support of the Motion, Defendant argues that all claims of the asserted patents are invalid for failing to claim patentable subject matter under 35 U.S.C. § 101. Plaintiff opposed the Motion (Dkt. 43), and Defendant replied. Dkt. 46.

A hearing on the Motion was conducted on February 25, 2019, and it was then taken under submission. Dkt. 55. For the reasons stated in this Order, the Motion is **GRANTED** without prejudice, with any amended complaint to be filed within 14 days of the issuance of this Order.

### I. Factual Background

The '371 Patent issued April 29, 2014, and is titled "Feature Management of a Communication Device." The '612 and '559 Patents, although each issued prior to the '371 Patent (March 4, 2014 and January 14, 2014, respectively), are continuation patents of the '371 Patent. The '612 and '559 Patents share the same title and substantially the same specification as the '371 Patent.[1]

The Asserted Patents generally disclose methods and systems for "real-time management of a device, and more particularly to the establishment and enforcement of policies or rules associated with the feature or functions that may be performed with the device." '371 Patent at Abstract; *see also id.* at 1:47-50. The Asserted Patents state,

---

[1] All citations in this Order are to the '371 Patent unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV18-01519 JAK (PLAx) | Date | February 28, 2019 |
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

> [p]ostpaid cellular phone (cell phone) services typically allow the user of a cell phone to spend unlimited amounts of money for services. In other words, there is nothing to stop the user from running up a huge cell phone bill. Many parents have experienced this issue with their children, prompting the parents to take their children's phones away or to otherwise restrict their children's access to the phones. Unfortunately, modern society requires that parents have the ability to contact their children by cell phone and vice versa, so the cell phones are often returned to the children despite the possibility of future abuse.

'612 Patent at 1:66-2:9.

The Asserted Patents also state that "[t]he same type of issue exists between employers and employees and other parties in similar administrator/user relationships with respect to the use/abuse of cell phones and other devices." *Id.* at 2:10-13. The Asserted Patents describe the prepaid cell phone as one prior art solution to address these concerns, but explain that a shortcoming with such phones is that once all available time, i.e., credit, on the phone has been used, the service provider for the prepaid cell phone simply shuts down access to all services, such that "the child will not be able to call a parent in the event of an emergency." *Id.* at 2:39-40; *see also id.* at 2:27-41.

After describing some other prior art solutions and their shortcomings, the Asserted Patents explain the narrow issue that they intend to address is "providing limits on overspending and other activities by the user while simultaneously assuring that the user will always be able to use the phone when appropriately needed." *Id.* at 3:56-59.

The Complaint alleges that Defendant infringes "at least claims 1, 3, and 6 of the '371 Patent." Dkt. 1 ¶ 45. Claims 3 and 6 of the '371 Patent are dependent claims that depend from Claim 1. Claim 1 of the '371 Patent states:

>   1. A system for managing a computing device, the system comprising:
>      a switch or a node configured to receive a request to or from the computing device to perform one or more functions associated with the computing device;
>      a policy decider operable to access one or more policies that control one or more functions associated with the computing device, the policy decider further operable to generate a decision to grant or deny the request based on the one or more policies; and
>      a policy enforcer operable to enforce the decision of the policy decider as to whether the request has been granted or denied by transmitting data to the switch or node, the data being indicative of one or more actions consistent with the decision to the switch or node.

'371 Patent, Claim 1.

The Complaint similarly alleges that Defendant infringes "at least Claims 1, 6, and 8 of the '612 Patent." *Id.* at ¶ 56. Claims 6 and 8 of the '612 Patent are dependent claims that depend from Claim 1. Claim 1 of the '612 Patent states:

>   1. A system for managing computing devices configured to communicate over one or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV18-01519 JAK (PLAx) | | Date | February 28, 2019 |
|---|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | | |

> more networks serviced by one or more service providers, the system comprising a memory bearing instructions that, when executed on the system, cause the system to at least:
>> store a policy that controls at least a use of a function on a computing device, the control comprising allowing and disallowing the use of the function based on a context associated with the computing device, the policy being defined by an administrator;
>> group one or more computing devices in a group;
>> associate the policy with the group;
>> receive a request sent to or from a computing device in the group to use the function;
>> generate a decision to grant or deny the request based on the policy; and
>> enforce the decision by taking an action that is consistent with the decision and by sending to the computing device data indicative of the action, the action allowing or disallowing the use of the function on the computing device.

'612 Patent, Claim 1.

The Complaint has similar allegations as to Defendant's claimed infringement of "at least claim 27 of the '559 Patent." *Id.* at ¶ 33. Claim 27 of the '559 Patent states:

> 27. A method for controlling a computing device configured to execute a function using a communication network managed by a service provider, the method comprising:
>> sending to a server a request to communicate with a remote computing device over the communication network;
>> receiving in real-time from the server a decision granting or denying the request, the decision being based on a policy stored at the server and configured by an administrator; and
>> enforcing the decision by enabling a communication with the remote computing device over the communication network when the decision grants the request and by disabling the communication when the decision denies the request, the communication being enabled or disabled without storing the policy on the computing device.

'559 Patent, Claim 27.

**II.     Analysis**

    A.     Legal Standards

        1.     <u>Motion to Dismiss</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV18-01519 JAK (PLAx) | Date | February 28, 2019 |
|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [*Id.*] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal* identifies "[t]wo working principles" that underlie the standard that applies to a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.' " *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

2. <u>Section 101 Analytical Framework</u>

"Section 101 defines the subject matter that may be patented under the Patent Act." *Bilski v. Kappos*, 561 U.S. 593, 601 (2010). Section 101 provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. "Section 101 thus specifies four independent categories of inventions or discoveries that are eligible for patent protection: processes, machines, manufactures, and compositions of matter." *Bilski*, 561 U.S. at 601.

Although the Supreme Court has recognized that "[i]n choosing such expansive terms . . . Congress plainly contemplated that the patent laws would be given wide scope," it has identified three exceptions to the application of Section 101: "laws of nature, physical phenomena, and abstract ideas." *Diamond v. Chakrabarty*, 447 U.S. 303, 308-09 (1980). These exceptions are not required by the text of the statute, but are consistent with the idea that certain discoveries "are part of the storehouse of knowledge of all men" and are "free to all men and reserved exclusively to none." *Funk Bros. Seed Co. v. Kalo Inoculant Co.*, 333 U.S. 127, 130 (1948). Consistent with these principles is that "the concern that drives this exclusionary principle [is] one of pre-emption." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citation omitted). Consequently, the Supreme Court has required that "[i]f there is to be invention from such a discovery, it must come from the application of the law of nature to a new and useful end." *Funk Bros.*, 333 U.S. at 130. These rules apply in the same manner to product and process claims. *Gottschalk v. Benson*, 409 U.S. 63, 67-68 (1972).

*Alice* is the most recent statement by the Supreme Court on the application of these principles. It expanded the two-step approach for resolving Section 101 issues adopted in *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77 (2012). In the first step, a court must "determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Alice*, 573 U.S. at 217 (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV18-01519 JAK (PLAx) | | Date | February 28, 2019 |
|---|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | | |

*Mayo*, 566 U.S. at 77). If this standard is satisfied, then in the second step the court must ask "[w]hat else is there in the claims." *Id.* This requires a consideration of "the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent eligible application." *Id.* (citing *Mayo*, 566 U.S. at 78–79). In performing this second step of the analysis, a court must "search for an 'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* at 217-18 (citing *Mayo*, 566 U.S. at 72–73).

"[W]hether a claim recites patent eligible subject matter is a question of law," but it is one "which may contain underlying factual determinations." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) (citations omitted). An example of such a factual determination is "[w]hether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent." *Id.* at 1369. Thus, a complaint that properly alleges that individual elements of a claim are not well-understood, routine, or conventional, may be sufficient to state a claim notwithstanding an invalidity challenge under Section 101. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).

    B.    Application

In support of its position that the claims fail to satisfy step one of the *Alice* test,[2] Defendant argues that the claims of the Asserted Patents are directed to the concept of "managing access to functions based on policies." Dkt. 37 at 7. Defendant then argues that this concept is "predicated upon a basic human activity" and is necessarily an abstract idea. *Id.* at 8. Defendant relies primarily on two non-precedential Federal Circuit decisions for the proposition that managing access to content using policies is abstract. *See Prism Techs. LLC v. T-Mobile USA, Inc.*, 696 F. App'x 1014 (Fed. Cir. 2017), *cert. denied*, 138 S. Ct. 689 (2018); *Smartflash LLC v. Apple Inc.*, 680 F. App'x 977 (Fed. Cir. 2017), *cert. denied*, 138 S. Ct. 687 (2018).

Plaintiff disputes this characterization of the claims and asserts that they instead are "directed to systems and methods for effecting policy-based controls over communication devices." Dkt. 43 at 13. Plaintiff then argues that,

> these claims require remote storage of usage policies which are thereby less vulnerable to manipulation by the user of the device(s) being managed while still accommodating real-time, continuous control during device usage, thereby improving the functionality of the computer-based systems through improved security, effectiveness, and robustness of the control accommodated.

---

[2] Defendant argues that representative claims of the Asserted Patents can be analyzed for purposes of the § 101 analysis. Dkt. 37 at 5-7. Plaintiff disagrees. Dkt. 43 at 11-12. In light of the approach adopted in this Order, it is unnecessary to decide whether it is appropriate to designate certain claims of the Asserted Patents as representative in determining whether the claims are invalid under § 101. *Berkheimer*, 881 F.3d at 1365 ("Courts may treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim or if the parties agree to treat a claim as representative."); *see also Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (agreeing with district court's decision to conduct representative claim analysis in its § 101 inquiry based on district court's determination that the claims at issue were "substantially similar and linked to the same abstract idea.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV18-01519 JAK (PLAx) | Date | February 28, 2019 |
|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

*Id.* at 6. Plaintiff relies primarily on two precedential Federal Circuit cases for the proposition that claims to computer technology that include a unique "architectural" arrangement of components have been found patent-eligible under 35 U.S.C. § 101. *Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343 (Fed. Cir. 2018), *as amended* (Nov. 20, 2018); *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253 (Fed. Cir. 2017).

Plaintiff's position regarding the nature of the claims is premised on the assertion that each of the asserted claims requires, and there is a technological improvement created by, policies for managing computing devices that are stored separately from the computing devices. Plaintiff relies on the claim language itself to support its argument that the claims recite policies for managing computing devices that are stored remotely from the computing devices. Plaintiff's principle, cited support for the assertion that this arrangement creates a technological improvement, however, does not come from the intrinsic record of the Asserted Patents or from the Complaint. Instead it is based more on the Declaration of Charles D. Knutson submitted in support of Plaintiff's opposition to Defendant's Motion to Dismiss. Knutson Decl., Dkt. 43-7 ¶¶ 18, 20-23. The Knutson Declaration states, for example, that "the remote storage of usage policies . . . are thereby less vulnerable to manipulation by the device user, at the same time accommodating real-time, continuous control concurrent with device usage, which improved the functionality of computer-based systems through improved security, effectiveness, and robustness of control." *Id.* ¶ 20. Plaintiff relies on the Knutson Declaration and similar arguments to support its position under *Alice* step two. Dkt. 43 at 24.

Defendant does not really dispute that the claims require remote storage of polices as to device usage, but disagrees with Plaintiff's characterization of this aspect of the claims as a technological improvement. Defendant's cited support for its disagreement, however, does not come from the intrinsic record of the Asserted Patents or from the Complaint, but from Federal Circuit caselaw. As Defendant argues:

> [p]erhaps the closest factual analogue is found in *BASCOM*, where the claims at issue generally recited a system for filtering internet content, located on a remote ISP server that associated each network account with at least one filtering scheme and set of filtering elements to permit customized filtering of Internet traffic for each account.

Dkt. 46 at 6 (citing *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1345 (Fed. Cir. 2016)). Defendant also relies on *Bascom* to support its argument that remote storage of polices was a well-known and conventional concept prior to the issuance of the relevant patents. *Id.* at 7 n.13.

In *Bascom*, the Federal Circuit concluded that the claims were abstract under *Alice* step one. However, the Federal Circuit also concluded that the claims were patent-eligible under *Alice* step two. 827 F.3d at 1349-50. As the Federal Circuit explained

> "in other cases involving computer-related claims, there may be close calls about how to characterize what the claims are directed to." [*Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed. Cir. 2016).] "In such cases," we noted, "an analysis of whether there are arguably concrete improvements in the recited computer technology could take place under step two." *Id.* That is, some inventions' basic thrust might more easily be understood as directed to an abstract idea, but under step two of the *Alice* analysis, it might become

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV18-01519 JAK (PLAx) | Date | February 28, 2019 |
|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

clear that the specific improvements in the recited computer technology go beyond "well-understood, routine, conventional activit[ies]" and render the invention patent-eligible. *See Alice*, 134 S.Ct. at 2359.

*Id.* at 1348.

After agreeing at step one with the district court that the claims were drawn to the abstract idea of filtering content, the Federal Circuit found that "the installation of a filtering tool at a specific location, remote from the end-users, with customizable filtering features specific to each end user" provided the claims with an inventive concept under *Alice* step two. *Id.* at 1350; *see also id.* ("As is the case here, an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces.").

In its reply brief, Defendant fails to address the holding in *Bascom* on which Plaintiff relies, *i.e.,* that the claims at issue in that case were patent-eligible. *See* Dkt. 43 at 24. At the hearing, Defendant suggested that the analysis in *Bascom* of *Alice* step two is distinguishable from what should be conducted as to the claims at issue here. Defendant argued that the claims at issue in *Bascom* concerned a specific method of filtering, but in this case, the claims are only drawn to the "general concept of remote storage." However, when considering a motion to dismiss, all reasonable inferences are drawn in favor of the non-moving party. Under that standard, Defendant's position is not persuasive. It also conflicts somewhat with Defendant's assertion in its reply brief that the claims at issue in *Bascom* are "perhaps the closest factual analogue" to the claims asserted in this case.

Decisions after *Bascom* have reached similar patentability determinations with respect to the placement or arrangement of claimed computer components at *Alice* step one. They did so based on the disclosure in the patent intrinsic record. *See, e.g.*, *Ancora Techs*, 908 F.3d 1343; *Visual Memory*, 867 F.3d 1253. Defendant asserts that the inquiry at *Alice* step one is purely legal and can only be conducted by reviewing the patent intrinsic record. Dkt. 46 at 2. On this basis, Defendant argues that Plaintiff cannot rely on extrinsic evidence to create a disputed, inferred fact that would warrant the deferral of a determination of whether the claims are drawn to an abstract idea under *Alice* step one. *Id.* at 3-4.

Although in many instances, the *Alice* step one inquiry turns solely on the patent intrinsic record, the position that there cannot be underlying factual disputes in an *Alice* step one inquiry is not supported by legal authority. Indeed, the general rule is that there is always the possibility of the need for factual determinations in connection with an analysis about the scope of the patent intrinsic record. In the context of claim construction, those factual determinations ordinarily are resolved by the court. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015) ("In some cases . . . the district court will need to look beyond the patent's intrinsic evidence and to consult extrinsic evidence in order to understand, for example, the background science or the meaning of a term in the relevant art during the relevant time period . . . . In cases where those subsidiary facts are in dispute, courts will need to make subsidiary factual findings about that extrinsic evidence.").

Assuming without deciding that the asserted claims here are drawn to an abstract idea, it is now clear that the inquiry at *Alice* step two may involve and require the assessment of underlying questions of fact. *See Aatrix*, 882 F.3d at 1128 ("Whether the claim elements or the claimed combination are well-understood, routine, conventional is a question of fact."). On a motion to dismiss, however, the analysis must be "based on the sources properly considered on a motion to dismiss, such as the complaint, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV18-01519 JAK (PLAx) | | Date | February 28, 2019 |
|---|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | | |

patent, and materials subject to judicial notice." *Id.*; *see also Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, No. 2017-2508, 2019 WL 453489, at *9 (Fed. Cir. Feb. 6, 2019) (finding district court in the First Circuit did not abuse its discretion in declining to consider an expert declaration submitted in opposition to a Rule 12(b)(6) motion).

Here, as noted, Plaintiff relies primarily on the Knutson Declaration to support its argument that the combination of elements in the asserted claims provides an inventive concept. If the statements in the Knutson Declaration are accepted,[3] *Bascom*, as well as Defendant's statements about that decision, suggest that, at least on a motion to dismiss, with all reasonable inferences drawn in favor of the non-moving party, it would be premature to determine that the asserted claims are drawn to patent-ineligible subject matter. In the Ninth Circuit, however,

> [g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Then, both parties must have the opportunity "to present all the material that is pertinent to the motion." *Id.*
>
> There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201.

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Because the Knutson Declaration, rather than the materials properly and ordinarily considered on a motion to dismiss, forms the principal basis for Plaintiff's argument under *Alice* step two,[4] judicial and party economy are best served by having Plaintiff file an amended pleading that includes express, factual allegations consistent with the patent intrinsic record that support its position under both steps of *Alice*. *See Aatrix*, 882 F.3d at 1126-27 (it would not be futile to allow the plaintiff leave to file a proposed second amended complaint with allegations that, taken as true, "would directly affect the district court's patent eligibility analysis."). It is not appropriate to make a determination regarding patent eligibility until after Plaintiff has had the opportunity to do so.

**III. Conclusion**

---

[3] At the hearing, Defendant argued that the Knutson Declaration includes only one conclusory statement related to *Alice* step two, which was insufficient to support Plaintiff's position. Knutson Decl., ¶ 29. Paragraph 29 of this declaration is broader than that. Moreover, Defendant's position fails to acknowledge that, under Federal Circuit caselaw, the issue of the placement of claimed elements in a computer system has been considered in terms of both *Alice* step one and *Alice* step two. Therefore, Knutson's statements regarding *Alice* step one may be relevant to the *Alice* step two inquiry. For all of these reasons, Plaintiff has presented a sufficient basis to grant it leave to amend the Complaint.

[4] At the hearing, Plaintiff asserted that certain allegations in the Complaint support its arguments relating to remote storage of policies. However, neither of the allegations in the Complaint identified at the hearing provides sufficient support for this position. *See* Dkt. 1 ¶¶ 13, 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV18-01519 JAK (PLAx) | Date | February 28, 2019 |
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

For the reasons stated in this Order, the Motion is **GRANTED**, without prejudice, with any amended complaint to be filed by March 14, 2019, and consistent with its analysis.

**IT IS SO ORDERED.**

                                                       :
Initials of Preparer    ak