# EXHIBIT 5



Cristina Q. Almendarez
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6382
Fax: 312.767.9192
calmendarez@beneschlaw.com

April 9, 2021

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

*VIA E-MAIL*
Corby R. Vowell, Esquire
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
vowell@fsclaw.com

  Re: *Kajeet, Inc. v. NortonLifeLock, Inc.*, Case No. 1:20-cv-1339

Dear Corby,

  I write regarding Kajeet, Inc.'s ("Kajeet") infringement allegations against NortonLifeLock, Inc. ("NLOK") in the above-captioned case. As you are aware, in an effort to expedite resolution of this case, NLOK produced core technical documents regarding the accused products, including a declaration providing a step-by-step explanation of the functionality of the accused products.

  Critically, this information confirms that NLOK's products do not infringe any claim of the patent-in-suit, U.S. Patent No. 8,667,559 ("the '559 Patent"). To the extent the NLOK accused products can be used to limit a device's access to content, the policies that are used to restrict device access are stored on the device *itself* rather than remotely as required by the claims of the '559 Patent.

  NLOK's core technical documents clearly disclose this case-dispositive ground for non-infringement. *See, e.g.*, NLOK-KAJEET-000010 ("Each device has a unique identifier, machine_guid and enforces the corresponding machine_time_policy"); NLOK-KAJEET-000018 (disclosing a flow chart of Norton Family's architecture that demonstrates that policies are stored on a controlled device, rather than on a remote server); NLOK-KAJEET-000001-02 (disclosing the feature source details of Norton Family products). Further, the declaration of Matthew Boucher, Norton's Vice President of Engineering, confirms that policies are stored locally on the managed device and demonstrates how simple evaluation of Norton's publicly available products would have made it readily apparent that NLOK's accused products do not infringe the '559 Patent. Declaration of M. Boucher at ¶¶7-19.

  That the '559 Patent claims require polices to be stored remotely from the managed device cannot be legitimately contested in view of the claim language and Kajeet's representations to the

Vowell, C.
April 9, 2021
Page 2

Court. The asserted '559 Patent claims require that the usage policies be stored remotely from the device whose access to content is being managed. For example, claim 27 requires that a device's communication request be granted or denied "based on a policy stored at the server" and "without storing the policy on the computing device." '559 Patent at Claim 27. Similar limitations are present in independent claims 1, 13, and 22 of the '559 Patent. *Id*. at Claims 1, 13, and 22. Similarly, the Complaint also confirms that remote storage is required by the claims of the '559 Patent, describing that the '559 Patent is "addressed to [a]pplication of use decisions based upon a *policy stored remote from the controlled computing device*" See D.I. 1 at ¶19 (emphasis added throughout). The Complaint further explains that the '559 Patent "limitations mandate that the decision applied to effect control over the computing device is based on a *policy stored at a server remote from the computing device*." *See* D.I. 1 at ¶35. As recognized by Kajeet's own expert, "[i]nclusion of such limitations within the claims captures at least the *distributed* architecture arrangement." *See* D.I. 19-2 at ¶22.

Indeed, Kajeet repeatedly relied on this "remote storage" limitation in its arguments opposing Norton's Motion to Dismiss (D.I. 12) both in its briefing (D.I. 19) and during oral argument. Below are just a few examples confirming Kajeet's position that the remote storage limitation is present in every limitation of the '559 Patent:

- "By virtue of *storing policies remotely from the controlled device*, they are inaccessible to the controlled device for manipulation or deletion, thereby improving system effectiveness." D.I. 19 at 2.

- "[T]he claims at issue *capture the specific architecture in which policies are stored remotely* from the computing device being controlled as identified in the Complaint and the Knutson Declarations." D.I. 19 at 3.

- "Kajeet addressed these shortcomings [of the prior art] by *storing usage policies remotely* from the communication device(s)." D.I. 19 at 3.

- "[T]he asserted claims of the '559 patent are addressed to a specific configuration and implementation of certain software and hardware network components to effectuate policy based control of network devices (e.g. communications from and to the device); namely, specific solutions in which the policies applied are stored remotely … *Remote policy storage is required by the express limitations of the challenged claims*." D.I. 19 at 10-11.

- "The last phrase [of claim 27] is without storing the policy on the computing device. So you have *this architecture where the user device is separate from this policy on a remote server* and it says without storing the policy on the computing device. Feb. 23, 2021 Hearing Tr. at 20:16-20.

- "[I]nstead of having the filtering tool at a remote location, *we have the policies at a remote location*." Feb. 23, 2021 Hearing Tr. at 24:22-24.

Any reading of the claims that encompasses the application of locally-stored usage policies would be at odds with the explicit language of the claims and Kajeet's repeated representations to the Court. *See* D.I. 19 at 6 ("The district court did find the claims of the '371 and '612 patents to be directed to ineligible subject matter because they did not embody the distributed architecture or remote storage of policies recited in claim 27 of the '559 patent.")

Evidence that NLOK's accused products do not meet at least the limitations requiring remote policy storage, including use of the commercially available products themselves, was accessible to Kajeet before it filed this suit. NLOK demands that Kajeet immediately withdraw its infringement suit or state the good faith basis for its infringement allegations by April 16, 2021. NLOK reserves the right to seek sanctions for Kajeet's filing and maintenance of its claims.

    Very truly yours,

    BENESCH, FRIEDLANDER,
     COPLAN & ARONOFF LLP

    Cristina Q. Almendarez

CQA:ek