# EXHIBIT 4



604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Main 817.334.0400
Fax 817.334.0401
www.fsclaw.com

**Corby R. Vowell**
817.334-0400
vowell@fsclaw.com

April 20, 2021

<u>via E-mail</u>
calmendarez@beneschlaw.com
Cristina Q. Almendarez
Benesch Friedlander Coplan & Aronoff LLP
71 S. Wacker Drive
Chicago, IL 60606-4637

      Re:    *Kajeet, Inc. v. NortonLifeLock Inc.,* Case No. 1:20-cv-01339-UNA, In the United States District Court for the District of Delaware

Dear Cristina:

      This correspondence responds to your letter dated April 9, 2021 in which you present Norton's purported on-infringement positions with respect to claims of the '559 Patent. For the reasons discussed herein, we find your arguments unpersuasive and unavailing.

      Your primary contention appears to be that the Accused Products cannot infringe because the policies applied thereby to control computing devices are stored on the computing device. In support, Norton provides parts of three documents which show the source code file paths for certain functions accommodated by the Accused Products, dead hyperlinks to various API calls, and architectural maps of various components comprising the Accused Products. These documents are wholly deficient for showing the communications between the on-device and server components, however, and therefore cannot refute Kajeet's infringement claims. Beyond this, the system architecture document confirms that all policies are set using the Parent App and stored on Norton's servers. It is indisputable that it is these policies stored on Norton's servers upon which decisions are based.

      Norton's noninfringement position mirrors the failed noninfringement argument presented by Qustodio in connection with claim construction in that case. Qustodio argued for constructions that would require all policies only be stored at the server level. All such constructions were flatly rejected by the Court and subsequently withdrawn at the *Markman* hearing by Qustodio's counsel – the same counsel that now represent Norton.

      At a minimum, to fully evaluate Norton's positions, additional documentation showing the communications among and between the server and on-device components comprising Norton's Accused Products would need to be reviewed to ascertain the operation of each to effect policy-based controls over child devices. Such documents would include messaging diagrams, logic flow diagrams, product requirements documents, and source code for the decision engine along with that of all API calls made thereby to other software modules.

Cristina Q. Almendarez
Page 2
April 20, 2021

      Likewise, the Boucher Declaration appears to present incomplete and unsupported discussion limited to how the Accused Products operate on a desktop computer in connection with web filter functionality and time limits. Boucher does not cite to any product literature, including the three technical documents Norton produced, in support of his declaration. Instead, only screenshots of a desktop implementing the Windows operating system are shown. Boucher argues that the Accused Products cannot infringe because certain functionality persists "even when the Managed Device is not connected to the network." It is unclear of how this argument is of any moment with respect to an infringement analysis of the Asserted Claims, all of which require that the controlled device be "configured to execute a function using a communication network." It is therefore immaterial how the Accused Product operate when specifically configured to <u>not</u> be able to execute a function using a communications network. And again, as noted above, Boucher's opinions appear predicated on adoption of a claim construction requiring that all policies must only be stored on the server which the claims do not require.

      In sum, we do not believe that the information you provided is sufficient to refute or even properly address Kajeet's infringement position. Kajeet is willing to review additional technical information if Norton would prefer. Kajeet remains open to a settlement dialogue and continued technical discussions. Please let me know how Norton would like to proceed.

                                            Sincerely,

                                            /s/ Corby R. Vowell

cc:      Jonathan T. Suder, Michael T. Cooke, and Richard A. Wojcio, Jr. [firm]