# EXHIBIT 5



Cristina Q. Almendarez
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6382
Fax: 312.767.9192
calmendarez@beneschlaw.com

May 10, 2021

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

*VIA E-MAIL*
Corby R. Vowell, Esquire
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
vowell@fsclaw.com

  Re: *Kajeet, Inc. v. NortonLifeLock, Inc.*, Case No. 1:20-cv-1339

Dear Corby,

  I write in response to your April 20, 2021 letter regarding Kajeet, Inc.'s ("Kajeet") infringement allegations against NortonLifeLock, Inc. ("NLOK"). NLOK anticipates entering a joint proposed case schedule today setting forth deadlines for the exchange of contentions. However, as you are aware, NLOK has previously produced core technical documents regarding the accused products and offered to make NLOK's source code available for inspection by Kajeet in order to expedite clarification of Kajeet's infringement contentions, which to-date, remain vague. As a preliminary matter, identification of the specific claims Kajeet asserts against NLOK would greatly assist NLOK in understanding Kajeet's positions. It would also be consistent with the parties' agreement pursuant to which NLOK provided the core technical information. Please identify the asserted claims no later than May 17, 2021.

  Notwithstanding the sufficiency of the documents already produced to demonstrate the non-infringing functionality of the accused products, this letter serves as a renewal of the March 26, 2021 offer to make our source code available for review, pursuant to the terms of the protective order in this case.

  Further, I write to request clarification regarding Kajeet's new position that the claims of the '559 Patent do not require all policies be stored at the server level. As detailed in our April 9, 2021 letter, Kajeet has repeatedly represented that the asserted claims of the '559 Patent all require policies to be stored remotely from the managed device. Indeed, claim 27 *explicitly* requires that a device's communication request be granted or denied "based on a policy stored at the server" and "*without storing the policy on the computing device*," and claim 1 similarly requires that "the requested communication [is] enabled or disabled *without accessing the one or more policies by the computing device*."

In addition to its representations in this case, Kajeet's statements in other related litigations further demonstrates that the '559 Patent claims require that the usage policies be stored remotely from the managed device, such that there are no policies stored on the device:

- "[T]he parties cannot reasonably dispute the plain claim language that shows that the claimed policy and claimed enforcement step in Claim 27 of the '559 Patent occur remote from the computing device." *Kajeet, Inc. v. Qustodio, LLC*, Case No. 8:18-cv-01519-JAK-PLA (C.D. Cal. Nov. 1, 2019), Dkt. 140 at 13.

- "With respect to Claim 27 of the '559 Patent, the plain claim language supports the conclusion that the claims are limited to circumstances where policies are stored remotely." *Kajeet, Inc. v. Qustodio, LLC*, Case No. 8:18-cv-01519-JAK-PLA (C.D. Cal. Nov. 1, 2019), Dkt. 140 at 20.

- "Plaintiff's position regarding the nature of the claims is premised on the assertion that each of the asserted claims requires, and there is a technological improvement created by, policies for managing computing devices that are stored separately from the computing devices." *Kajeet, Inc. v. Qustodio, LLC*, Case No. 8:18-cv-01519-JAK-PLA (C.D. Cal. Feb. 28, 2019), Dkt. 56 at 6.

- "Kajeet addressed these shortcomings [of the prior art] by storing usage policies remotely from the communication device(s)." *Kajeet, Inc. v. Mosyle Corp.*, Case No. 1:21-cv-00006-MN (D. Del. April. 8, 2021), Dkt. 21 at 4.

Please confirm whether now Kajeet's position is that the '559 Patent claims encompass systems and methods where policies may be stored on the communication device.

Further, please explain how this new founded construction comports with the remaining claim limitations that emphasize the remote policy requirement. For example, the claims further require that enforcement occur remote from the managed device. As confirmed by Kajeet in the Complaint the '559 Patent is "addressed to [a]pplication of use decisions *based upon a policy stored remote from the controlled computing device*" *See* D.I. 1 at ¶19 (emphasis added throughout). The Complaint further explains that the '559 Patent "limitations mandate that the decision applied to effect control over the computing device *is based on a policy stored at a server remote from the computing device*." *See* D.I. 1 at ¶35; *see also Kajeet, Inc. v. Mosyle Corp.*, Case No. 1:21-cv-00006-MN (D. Del. April. 8, 2021), Dkt. 21 at 9 ("These requests are applied to master policies set and stored at the [central] servers, *upon which all real-time usage decisions are ultimately made*."). Kajeet argued to the Court that the remote storage of these policies engendered a distinct architecture that uniquely afforded these benefits. If, as Kajeet now seems to contend, policies can be stored both remotely and locally on a managed device, and control of a managed device may be based on the local copy, all the purported benefits of resilience to manipulation or deletion, etc. are a nullity. *Cf.* D.I. 19 at 2 ("By virtue of storing policies remotely from the controlled device, they are inaccessible to the controlled device for manipulation or deletion, thereby improving system effectiveness.")

  Kajeet's theory that a system infringes if a managed device applies locally-stored copies of a policy also cannot be squared with a number of other claim limitations and its prior admissions. For example, your letter fails to explain how Kajeet believes NLOK's accused products involve "send[ing] to a server a request to communicate with a remote computing device over the communication network" or "receiv[ing] in real-time from the server a response indicative of a decision granting or denying the request."

  At bottom, Kajeet's infringement theory appears on its face to be inconsistent with numerous representations Kajeet made to the Court to avoid dismissal under Section 101 and inconsistent with the plain language of the claims of the '559 Patent taken as a whole. Please clarify Kajeet's position on the claimed location of policies and how Kajeet contends NLOK's accused products meet the remaining limitations of the asserted '559 Patent claims regarding the sending of requests and receipt of decision no later than May 17, 2021.

            Very truly yours,

            BENESCH, FRIEDLANDER,
             COPLAN & ARONOFF LLP

            Cristina Q. Almendarez

CQA:ek