## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KAJEET, INC., §
§
Plaintiff, §
§      **C.A. No. 20-cv-1339-MN**
v. §
§      **JURY TRIAL DEMANDED**
NORTONLIFELOCK INC., §
§
Defendant. §
§

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER DENIAL OF ITS MOTION TO DISMISS THE COMPLAINT

Dated:  July 1, 2021

Of Counsel:

Jonathan T. Suder
Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio, Jr.
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
jts@fsclaw.com
mtc@fsclaw.com
vowell@fsclaw.com
wojcio@fsclaw.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Kajeet, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ iii

I.       NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II.      SUMMARY OF THE ARGUMENT .................................................................................1

III.     STATEMENT OF FACTS ................................................................................................2

IV.      LEGAL STANDARDS .....................................................................................................4

V.       PROCEDURAL GROUNDS TO DENY THE MOTION .................................................4

         A.      No Judgment Has Been Entered for Rule 59(e) to Apply .......................................5

         B.      Norton's Motion is Untimely and Must Be Denied ................................................6

         C.      No Grounds Exist Supporting Grant of Norton's Motion........................................7

VI.      ARGUMENT ...................................................................................................................10

         A.      Kajeet Has Consistently Characterized the Invention in Asserted Claims ...........10

         B.      Kajeet Not Asserting New Interpretation and Asserted Claims are Valid............11

         C.      Court Has Not Construed Claims and Non-Infringement Positions are

         Irrelevant ........................................................................................................................13

                 1.      Court's Ruling on Motion did not Construe Claim Terms ........................13

                 2.      Norton's Non-infringement Positions are Irrelevant ................................15

         D.      Defendant is Circumventing Contention Disclosures, Discovery, and Claim

                 Construction ........................................................................................................16

VII.     CONCLUSION ................................................................................................................18

CERTIFICATE OF SERVICE .................................................................................................19

# TABLE OF AUTHORITIES

**Cases:**

*ArcelorMittal France v. AK Steel Corp.,*
786 F.3d 885 (Fed. Cir. 2015)..............................................................................................15

*Barkes v. First Corr. Med.,*
No. 06-104-JJF-MPT, 2010 U.S. Dist. LEXIS 34032 (D. Del. Apr. 7, 2010) ...................6

*Berke v. Bloch,*
242 F.3d 131 (3d Cir. 2001)...................................................................................................6

*Birch-Min v. Middlesex Cty. Bd. of Soc. Servs.,*
761 F. App'x 118 (3d Cir. 2019) ...........................................................................................7

*Burtch v. Milberg Factors, Inc.,*
662 F.3d 212 (3d Cir. 2011)...........................................................................................5, 6, 7

*Cronos Techs., LLC v. Expedia, Inc.,*
2015 U.S. Dist. LEXIS 118796 (D. Del. September 8, 2015)..........................................15

*Evans v. Buchanan,*
447 F. Supp. 1041 (D. Del. 1978).........................................................................................7

*Fenner Inv., Ltd. v. Microsoft Corp.,*
632 F. Supp. 2d 627 (E.D. Tex. 2009).................................................................................15

*Fowler v. UPMC Shadyside,*
578 F.3d 203 (3d Cir. 2009)...................................................................................................4

*Goetz v. Cappelen, ,*
946 F.2d 511 (7th Cir. 1991) .................................................................................................6

*Hibbard v. Penn-Trafford Sch. Dist.,*
621 F. App'x 718 (3d Cir. 2015) ......................................................................................6-7

*Kajeet, Inc. v. Qustodio, LLC,*
No. SA CV18-01519 JAK (PLAx), 2019 U.S. Dist. LEXIS 228067
(C.D. Cal. Nov. 1, 2019)...............................................................................................10, 18

*Long v. Atlantic City Police Dep't,*
670 F.3d 436 (3d Cir. 2012)...................................................................................................7

*Lazaridis v. Wehmer,*
    591 F.3d 666 (ed Cir. 2010) ...................................................................................7

*Peloton Interactive v. Icon Health & Fitness,*
    2021 U.S. Dist. LEXIS 101436 (D. Del. May 28, 2021) ...................................8

*Sentient Sensors, LLC v. Cypress Semiconductor Corp.,*
    2021 U.S. Dist. LEXIS 93222 (D. Del. May 17, 2021) ......................................5

*Smart v. Aramark Inc.,*
    618 F. App'x 728 (3d Cir. 2015) ........................................................................6

*Tatar v. United States,*
    No. 13-3317 (RBK), U.S. Dist. LEXIS 34501 (D. N.J. Mar. 10, 2017)...........6

*10x Genomics, Inc. v. Celsee, Inc.,*
    2019 U.S. Dist. LEXIS 188516 (D. Del. Oct. 30, 2019) ...................................4

*Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,*
    597 F. Supp. 2d 897 (N.D. Iowa 2009) .....................................................14, 15

**Other:**

35 U.S.C. § 101 ....................................................................1, 2, 6, 11, 13, 14, 16

Fed. R. Civ. P. 6(b)(2) ..............................................................................................7

Fed. R. Civ. P. 12(b)(6) .......................................................................................5, 6

Fed. R. Civ. P. 26(b) .................................................................................................2

Fed. R. Civ. P. 54(a) .................................................................................................5

Fed. R. Civ. P. 58(b) .................................................................................................5

Fed. R. Civ. P. 59(e) .......................................................................................1, 4, 5, 6, 7

Local Rule 7.1.5 .........................................................................................................5

Rule 12 ..........................................................................................................4, 8, 14

Rule 50(b) and (d)...............................................................................................................7

Rule 52(b)............................................................................................................................7

Rule 59(b), (d), and (e)......................................................................................................7

Rule 60(b)............................................................................................................................7

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Kajeet, Inc. ("Plaintiff" or "Kajeet") files this Response to NortonLifeLock Inc.'s ("Defendant" or "Norton") Motion to Reconsider Denial of its Motion to Dismiss the Complaint ("Motion"). For the following reasons, the Court should uphold its prior ruling that the claims of the Patent-in-Suit are directed to patent eligible subject matter and deny Defendant's Motion.

## II.    SUMMARY OF THE ARGUMENT

This Court has already held the asserted claims of U.S. Patent No. 8,667,559 ("the '559 patent") to be directed to patent eligible subject matter in accordance with 35 U.S.C. § 101. The Court's ruling came after extensive briefing on the issue from the parties as well as a § 101 Motion from another defendant in a related case. The Court held a hearing on February 23, 2021 and announced its holding from the bench denying Defendant's original motion.

Norton's current Motion to reconsider the Court's ruling should be denied both on procedural grounds as well as on the merits.  Defendant improperly attempts to bring this Motion for Reconsideration under Rule 59(e) which addresses altering or amending a judgment which is inapplicable here. In any event, Defendant has waived any argument it may have had by not filing its Motion by the 28-day deadline.

Norton's arguments on the merits fare no better. Defendant contends that Kajeet has changed its positions with respect to the meaning of the asserted claims. Kajeet has been consistent in its description of the invention and its arguments for patent eligibility not only in this case but earlier litigations as well. Norton's position relies primarily on its contention that it does not infringe the asserted claims.

Defendant attempts to glean Kajeet's positions on infringement and claim construction from letters exchanged by the parties in early settlement discussions related to the basic operation of Defendant's Accused Products. By this Motion, Norton is effectively short circuiting the entire disclosure process for Defendant's core technical documents, infringement/invalidity contentions, and claim construction positions as set out in the Delaware Default Discovery Order and adopted as the Scheduling Order in this case – a schedule to which Norton agreed.

## III.   <u>STATEMENT OF FACTS</u>

Kajeet filed this case against Norton for infringement of the '559 patent on October 2, 2020. In its Original Complaint, Kajeet included detailed factual allegations about how and why the asserted claims were directed to patent eligible subject matter and incorporated by reference the testimony of testimony of Kajeet's technical expert in support. D.I. 1. On November 25, 2020, Norton filed a Rule 26(b) motion in lieu of an answer and alleging that the asserted claims of the '559 patent were invalid under 35 U.S.C. § 101. The parties fully briefed the motion, and the Court held a hearing on February 23, 2021. During the hearing, counsel for Kajeet confirmed the positions set forth by Kajeet in prior litigations and the current briefing explaining that the distributed architecture set forth in the patent specification and claims was not well-understood, conventional, or routine at the time of the invention. The Court held in Kajeet's favor and denied Norton's original motion.

On May 10, 2021, Kajeet served its paragraph 4(a) disclosures setting forth an identification of Norton's Accused Products, including all of its products that include its parental control features and the parent app that is used to set and store parental control policies on Norton's servers. The Scheduling Order set out by the Court and agreed by Norton required it to

provide its core technical documents for the Accused Products on May 25, 2021. Norton's production included the same three brief technical documents it previously provided to Kajeet during informal settlement discussions months earlier along with two other technical documents, one of which is a publicly available user guide that Kajeet was previously able to obtain on its own. The three original documents and the fourth (non-public) document comprise a total of 26 pages which do not even come close to the level of documentation necessary to understand the internal operation of the parental control features, the operation of the server software or client device software, or the communications between the server and client device for the Accused Products.

Even though Norton offered to provide access to its source code, Kajeet has pushed Norton to produce the types of internal design documents that it must have, including technical specifications, functional specifications, product requirements documents, software design documents, software functional specifications. In most circumstances, these types of documents are required to understand the structure and organization of source code and certainly aid the reviewing counsel and experts in efficiently reviewing the code. Norton has refused to provide other technical documents and has forced Kajeet to bring this discovery dispute to the Court for which a hearing will be held on July 6, 2021.

The core technical documents and severe deficiencies in Norton's production would otherwise be immaterial to the patent eligibility issues but for Norton's insistence that Kajeet somehow changed its positions to cover the operation of the Accused Products. As set forth below, Kajeet has maintained consistent positions with respect to patent eligibility and the scope of the asserted claims throughout its various litigations, in its Complaint and briefing in this case, and in discussions with Norton to date. In any event, the operation of the Accused Products in no

way impacts whether or not the asserted claims of the '559 patent are directed to patent eligible subject matter. The appropriate analysis is solely based on the '559 patent and claimed subject matter.

## IV.   <u>LEGAL STANDARDS</u>

Norton filed its original motion to dismiss under Rule 12, and in deciding such a motion, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *10x Genomics, Inc. v. Celsee, Inc.*, 2019 U.S. Dist. LEXIS 188516, *4 (D. Del. Oct. 30, 2019). This "does not impose a probability requirement at the pleading stage," but "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Id*.

## V.   <u>PROCEDURAL GROUNDS TO DENY THE MOTION</u>

Norton's Motion purports to be brought under Rule 59(e) which is addressed to motions to alter or amend a judgment and which expressly sets out a 28-day deadline from the entry of judgment for filing.  Norton's Motion must be denied because it does not seek alteration or amendment of a judgment, for purposes of the Rule and because it is not timely filed pursuant to the express limitations of the Rule.

Beyond this, even if Rule 59(e) were available to Norton, the facts at issue neither support reconsideration under Rule 59(e), nor amendment to this Court's prior order on patent eligibility.  Application of the Rule requires a change in the law, discovery of new evidence, or the existence of a need to correct clear error (a mistake, for example) in a judgment.  Norton

4

alleges only that newly discovered evidence justifies application of Rule 59(e).   Norton is incorrect.   No new evidence exists that would support alteration or amendment of the Court's prior order.   Kajeet has consistently presented its positions regarding remote storage of policies in this and prior litigations, including within the allegations of the very Complaint that Norton's failed 12(b)(6) Motion challenged in this case.   Even if Rule 59(e) relief is deemed available to Norton, which it should not be, the facts do not support grant of Norton's Motion.

And to the extent that the Court views Norton's Motion as Motion for Reargument under Local Rule 7.1.5, it should be denied as untimely as it was not filed within 14 days of the Court's ruling. Determinations on Motions for Reargument are in the sound discretion of the district court and should be sparingly granted. *Sentient Sensors, LLC v. Cypress Semiconductor Corp.*, 2021 U.S. Dist. LEXIS 93222, at *2 (D. Del. May 17, 2021). Motions for Reargument should only be granted "when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Id.* None of these grounds exist here.

### A.      No Judgment Has Been Entered for Rule 59(e) to Apply

Rule 59(e) is applicable for alteration or amendment to a ***judgment***.   Fed. R. Civ. P. 59(e); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011).   "Judgment," for purposes of the Federal Rules of Civil Procedure, is defined as "a decree and any order ***from which an appeal lies***."   Fed. R. Civ. P. 54(a) (emphasis added).   Judgments must be entered under certain enumerated circumstances, including following a jury verdict, following an award of costs/fees, entry of an order ***denying all relief***, or the ***grant*** of other relief.   Fed. R. Civ. P. 58(b).   Notably missing from this listing is the denial of a Rule 12 motion.   In fact, Courts have expressly held that "when the district court ***denies*** a motion under Rule 12(b)(6), it does not enter

5

a judgment." *Goetz v. Cappelen*, 946 F.2d 511, 514 (7th Cir. 1991) (emphasis added). Only when a Court **grants** a 12(b)(6) motion to dismiss a complaint, which has not happened in this case, an appealable judgment may be entered for which relief under Rule 59(e) may be sought. *Burtch*, 662 F.3d at 230 (emphasis added).

Here, Norton filed a Motion to Dismiss pursuant to Rule 12(b)(6) alleging that the asserted claims of the '559 Patent are directed to patent ineligible subject matter. This Court properly held that the allegations of the Complaint, when taken as true and in favor of the non-movant, were sufficient to establish eligibility at step two of *Alice*. D.I. 33 at 14. Importantly, the Court held that "Defendants' motions as related to the '559 Patent are denied **with leave to renew at summary judgment** to the extent there are no factual issues precluding resolution of the Section 101 issues at that time." *Id.* As such, no final and appealable determination was made and **all relief was not denied** which would require entry of a judgment. Rather, Norton retains the ability to assert patent ineligibility later in the case at summary judgment and trial. No appealable judgment has been entered and reliance on Rule 59(e) is therefore improper. *Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001) (if the order specifically contemplates further activity by the District Court, it is not considered final and is not appealable); *Barkes v. First Corr. Med.*, No. 06-104-JJF-MPT, 2010 U.S. Dist. LEXIS 34032, at *5 (D. Del. Apr. 7, 2010) (finding Rule 59(e) relief unavailable because underlying order was not final nor appealable).

B. **Norton's Motion is Untimely and Must Be Denied**

By its express language, Rule 59(e) requires that a motion filed seeking alteration or amendment of a judgment be filed within 28 days of the date the judgment was entered. Fed. R. Civ. P. 59(e); *Smart v. Aramark Inc.*, 618 F. App'x 728, 730 (3d Cir. 2015) (affirming District Court denial of Rule 59(e) Motion as untimely); *Tatar v. United States*, No. 13-3317 (RBK), 2017 U.S. Dist. LEXIS 34501, at *25 (D.N.J. Mar. 10, 2017) (same); *Hibbard v. Penn-Trafford*

*Sch. Dist.*, 621 F. App'x 718, 722 (3d Cir. 2015) (refusing to give legal effect to untimely filed Rule 59(e) Motion).

District Courts do <u>not</u> have authority to extend the deadline for filing a motion pursuant to Rule 59(e). *Evans v. Buchanan*, 447 F. Supp. 1041, 1052 (D. Del. 1978) (finding Rule 59(e) relief unavailable because the statutory deadline had passed); *Birch-Min v. Middlesex Cty. Bd. of Soc. Servs.*, 761 F. App'x 118, 121 n.3 (3d Cir. 2019) (citing Fed. R. Civ. P. 6(b)(2) ("[a] court ***must not extend*** the time to act under Rules 50(b) and (d), 52(b), ***59(b), (d), and (e),*** and 60(b)") (emphasis added)); *See also Long v. Atlantic City Police Dep't*, 670 F.3d 436, 444 n.16 (3d Cir. 2012). To the extent relief was ever available to Norton under Rule 59(e), which it was not, such availability lapsed on March 29, 2021[1], well ahead of the filing of the present motion. Norton has missed the deadline and can no longer avail itself of the relief it now seeks.[2]

### C.     No Grounds Exist Supporting Grant of Norton's Motion

"Generally, motions for reconsideration under Rule 59(e) must rely on one of the following three grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest justice.'" *Burtch*, 662 F.3d at 230 (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). Here, Norton asserts

---

[1] The Memorandum Order on Norton's Motion to Dismiss for Failure to State a Claim (D.I. 12) was entered on March 1, 2021. See D.I. 33. The deadline for filing a Rule 59(e) motion passed 28 days later on March 29, 2021. Norton did not file its present motion until well after this deadline, on June 18, 2021.

[2] Undoubtedly, Norton will ask the Court to excuse its untimeliness based on Norton's erroneous contention that it only recently discovered new evidence, previously unobtainable and unknown to Norton, that gives rise to its request for reconsideration. Norton relies on a single case for this proposition which, notably, affirmatively states that Rule 59(e) relief is unavailable following expiration of the statutory period. D.I. 48 at 8 (citing *Evans*, 447 F.Supp at 1052). Such arguments are therefore legally unsupportable. As shown in the following sections, they are likewise factually unsupportable and should be disregarded altogether.

that the second prong – newly discovered evidence – justifies the grant of its motion and reconsideration of its denied Motion to Dismiss.

More specifically, Norton alleges that there now suddenly exists evidence that "the Court can, and should, consider" that contradicts the well-pleaded allegations in the Complaint upon which the Court's decision rests.  D.I. 48 at 12.  As a threshold matter, this assertion is plainly at odds with the law.  It is well settled that in the context of deciding a Rule 12 Motion a Court is <u>not</u> authorized to consider evidence outside of the pleadings. *Peloton Interactive v. Icon Heath & Fitness*, Civil Action No. 20-662-RGA, 2021 U.S. Dist. LEXIS 101436, at *18 n.3 (D. Del. May 28, 2021). Yet, Norton is apparently asking the Court to do just that in the event that it elects to reconsider its denial of Nortion's Motion to Dismiss.  The purportedly "new" evidence Norton raises does nothing to disturb the well-plead allegations within Kajeet's Complaint which are sufficient to satisfy the *Alice* test at at least step two.

Review of the evidence upon which Norton relies shows that not only is it not new, it is also not at all inconsistent with the infringement positions taken by Kajeet throughout this case and others.  Specifically, the common theme among the various excerpts and one-liners Norton proffers is that Kajeet is suddenly contending that the asserted claims cover both locally and remotely stored policies, which would offend the positions taken by Kajeet regarding patent eligibility which relied on remote storage of policies.

One need look no further than the Complaint in this case to see that nothing Norton raises as "new evidence" is new at all.  For example, the Complaint alleges the following:

> "Other [prior art] solutions involving control through enforcement of decisions based upon policies defining permitted use that were set and stored only in accessible portions of the memory of the device itself, such as in the volatile memory of the device. These solutions were likewise ineffective as the policies upon which decisions effecting control were vulnerable to manipulation or

deletion by virtue of their only being stored in accessible portions of memory of the computing device." D.I. 1 at ¶16.

"Application of use decisions based upon a policy stored remote from the controlled computing device represented an unconventional scheme that was neither well known nor routine for addressing a newly emerging problem in society." D.I. 1 at ¶19.

"The Accused Products accommodate management of mobile communication devices accessing content over communication networks via application of remotely stored master policies set by administrators (e.g., parents)." D.I. 1 at ¶21.

"Execution of local agent software effects control of the device via regular and/or scheduled sending of feature use requests to the Norton servers for policy application. Additionally, or alternatively, the local agent software effects control via regular installation and updates of use decisions based upon master policies stored on Norton's servers (or derivatives thereof) via communication with the Norton servers for on-device enforcement." D.I. 1 at ¶23.

"Regardless of the mode of policy application employed, all master policies defining permissible or impermissible uses of a device are set by parents using either the Norton web portal on its website or using one of the mobile applications downloaded on a parent's mobile device (i.e., the Norton Family for Parents app on an iOS device or the Norton Family parental control app on an Android device)." D.I. 1 at ¶24.

"Rather, decisions based on the policies are communicated to or stored on the controlled device for enforcement, with such decisions regularly updated through execution of Norton software locally and at Norton's servers." D.I. 1 at ¶27.

Taken together, these allegations show that at all times Kajeet has correctly viewed the asserted claims of the '559 Patent as requiring that policy decisions be ***based on*** policies stored remotely from the controlled device at a server. Norton simply and improperly ignores the "based on" language present in the asserted claims.

Norton also fails to recognize that the limitations present in the asserted claims do not go so far as to require that ***all*** policies may ***only*** be stored at the server. Indeed, Kajeet argued against this very construction in a prior case against the same counsel that now represents

Norton.  *Kajeet, Inc. v. Qustodio, LLC*, No. SA CV18-01519 JAK (PLAx), 2019 U.S. Dist.
LEXIS 228067, at *28 (C.D. Cal. Nov. 1, 2019) (*See* Tables at *17-18 and *27).  In that case, the
Court rejected the narrowing construction sought while simultaneously denying a renewed *Alice*
motion with respect to the same claims at issue in this case. In light of the allegations of the
Complaint and the positions taken by Kajeet in this and prior cases, it is undisputed that there is
no new news here.  Kajeet has been consistent throughout in its description of the asserted claims
and their scope.  There is simply no factual basis whatsoever justifying reconsideration.

## VI.   <u>ARGUMENT</u>

In its Complaint, Kajeet provided a comprehensive description of how and why the
asserted claims are directed to patent eligible subject matter. Further, Kajeet thoroughly briefed
the issues raised in Norton's original motion to dismiss. Kajeet hereby incorporates by reference
the arguments made in its Opposition Brief. *See* D.I. 19.

### A.   **Kajeet Has Consistently Characterized the Invention in Asserted Claims**

Kajeet has taken consistent positions with respect to the patent eligibility of the asserted
claims of the '559 patent in its prior litigation and in the present case. In fact, Norton recognizes
this fact in its Motion where it recites numerous passages from Kajeet's prior complaints, claim
construction briefing, and Complaint in this litigation. D.I., at pp. 3-5. Kajeet has described the
asserted claims as having a distributed architecture in which a client device communicates with
and sends requests to a server in order to communicate with other devices over a network. This
distributed architecture is important because the polices related to the control (such as parental
controls) of the client device are set and stored at the server by an administrator. In its earlier
Opposition Brief, Kajeet explained that prior art systems were ineffective because the policies

were locally accessible for manipulation or deletion and because each client device to be controlled needed to be separately and independently configured.

As set forth in Section V(C) above, Kajeet not only presented these same arguments in its prior case against Qustodio but it also presented these same statements about the asserted claims in its Complaint in this litigation (i.e., that the policies are set and stored locally). Norton even references argument from Kajeet's counsel explaining that a system in which the policies are set and stored **at the local handset** would be ineffective because the user could turn off the policy controls. D.I., at p. 10.

Norton also claims based on conclusory, self-serving, and uncorroborated information that its Accused Products store the policies locally. D.I., at p. 10. While this argument has no relevance to the § 101 inquiry, Norton's statements are baseless and unsupported by evidence. As described in the Complaint, the Accused Products include a parent app that can be used by a parent on their mobile device to set parental control policies at a Norton server where those policies are stored and subsequently applied to requests made by the user of a client (child's) device. D.I. 1 at ¶24.

Regardless, Kajeet has maintained its positions with respect to the description of the invention of the asserted claims and patent eligibility inquiry. Nothing about Norton's Accused products impact the analysis here.

### B.    Kajeet Not Asserting New Interpretation and Asserted Claims are Valid

While couched as a Motion for Reconsideration relating to patent eligibility, Norton instead presents noninfringement arguments based on its limited, self-serving descriptions of its Accused Products.  Norton relies entirely on a declaration from an engineer at Norton which includes screen shots purportedly showing operation of certain features and aspects of the

Accused Products without citation or support to any product literature. *See* D.I. 48-7. There are several glaring omissions related to this declaration that show a true infringement analysis was not performed, as described herein and as were recounted to Norton in response to receipt of the Boucher Declaration.

First, the declaration provides no indication that Mr. Boucher has ever read the '559 Patent or the asserted claims therein. Likewise, there is no indication that Mr. Boucher has any understanding of the legal requirements for infringement. Yet Kajeet is expected to simply "take his word for it" that no Norton products infringe the Asserted Claims?

The Boucher Declaration and the few documents produced as part of Norton's Paragraph 4A disclosures are wholly silent as to the timing, frequency, and content of communications made between and among the controlled devices implemented with the Norton App and Norton's backend servers. These communications absolutely must occur since the master policies used to control computing device by the Accused Products are indisputably set via a web dashboard for storage on Norton's servers rather than being set on the controlled device itself. This, by the way, is the precise architecture described in the '559 Patent and in Kajeet's Complaint, wherein the master policies upon which decisions are based are set and stored remotely from the controlled device(s).

Norton's paltry evidence of noninfringement also misses the mark entirely by addressing modes of operation that are not contemplated by the Asserted Claims and by focusing its assertions on non-accused features of the Accused Products. More specifically, how the Accused Products would operate in the absence of an internet connection (i.e., at a time when communication with a server is impossible), is presented as a basis for noninfringement. But the Asserted Claims require a "computing device configured to execute a function using a

communication network," rendering any operation thereof when not connected to a communication network irrelevant. Boucher also presents allegations describing how a web filter component of the Accused Products works as meaningful to the infringement analysis despite the Complaint not identifying web filtering as infringing. Stripping away these irrelevant contentions, nothing meaningful remains.

Norton contends that Kajeet has changed its position on infringement in response to the few shreds of immaterial evidence Norton has produced thus far in this case. This is flatly wrong. Kajeet has refused to accept Norton's largely, if not wholly, unsupported noninfringement arguments which all center on construing the Asserted Claims as requiring that **all** policies **only** be stored at the server while reading out completely the terms **"based on** a policy stored at the server" present in the Asserted Claims. As noted above, this is consistent with how Kajeet has applied its claims throughout, and expressly so during claim construction in the Qustodio case.

### C. Court Has Not Construed Claims and Non-Infringement Positions are Irrelevant

#### 1. Court's Ruling on Motion did not Construe Claim Terms

The Court's denial of Norton's original motion to dismiss was based on its analysis of 35 U.S.C. § 101 and application of the Alice two step test for patent eligibility. In its ruling, the Court did not actually construe any of the term in the asserted claims despite Norton's argument to the contrary. In the hearing, the Court had the following exchange with counsel for Gryphon regarding the related '438 patent asserted along with the '559 patent:

**Q      THE COURT: But you agree that if there is a claim construction issue, I need to decide that at least at 11: this stage in the Plaintiff's favor; right?**

13

> **MR. PAZUNIAK: I'm sorry, Your Honor, but I do disagree because also in *Ericsson* –**
>
> **THE COURT: Let's put it this way, I'm not going to do a claim construction, so the only way you're going to get to a motion to dismiss, a successful motion to dismiss is if you agree that whatever they say the claim construction is, you should still win, so that's what you need to address for me right now.**

Exh. A, Hearing Transcript, at p. 32, lines 9-34.

Here, the Court applied the appropriate standard for a motion to dismiss under Rule 12 by considering the facts in the light most favorable to the plaintiff. The Court expressly stated that it was not actually construing the claims in deciding Gryphon's motion which made the same arguments for invalidity as Norton's original motion. Norton cannot now contend that the Court's denial of the motion results in claim constructions that are the law of the case.

The cases cited by Norton in support of its argument that this Court's ruling on the §101 issue constitutes the law of the case on claim construction are easily distinguishable from the facts here. In the *Transamerica* case, the district court previously held a *Markman* hearing and ruled on claim construction in a lengthy opinion that included detailed analysis of the parties' respective positions. *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 597 F. Supp. 2d 897, 908 (N.D. Iowa 2009). The court in that case was ruling on a motion *in limine* which sought to preclude a party from "reciting 'commentary' from the court's claim construction order at trial or introducing any evidence that improperly refers to or discusses any of the parties' rejected claim construction positions." *Id*. Here, the Court has set forth a schedule for claim construction

disclosures, briefing, and a claim construction hearing but has not yet made any determinations on claim construction.

Likewise, in the *Fenner Investment* case, the district court was deciding a summary judgment motion of non-infringement and motion for clarification of claim construction. *Fenner Inv., Ltd. v. Microsoft Corp.*, 632 F. Supp. 2d 627, 630 (E.D. Tex. 2009). The court had already ruled on claim construction during the discovery process and clarified that the parties could not present a contrary claim construction position to the jury. *Id.*, at 638.

The other cases cited by Norton regarding its "law of the case" theory involve the same basic facts as *Transamerica* and *Fenner Investment*. Both involve situations in which the claim construction process concluded with a claim construction ruling by the court which then subsequently became the law of the case. *See Cronos Techs., LLC v. Expedia, Inc.*, 2015 U.S. Dist. LEXIS 118796, at *9-10 (D. Del. September 8, 2015); and *ArcelorMittal France v. AK Steel Corp.* 786 F.3d 885, 892 (Fed. Cir. 2015). Norton has cited to no cases or authority that would support its argument that this Court's ruling actually construed any particular claim terms where such a ruling would be the law of the case.

### 2. Norton's Non-infringement Positions are Irrelevant

Norton continues to argue that the Accused Products do not infringe the asserted claims. While Norton correctly references Kajeet's statements in its Complaint that policies are set and stored at the server, Norton contends that the Accused Products store polices on the Managed Device (client device). There is no explanation in Norton's Motion of why or how this is relevant to the patent eligibility analysis.

Norton's statements about the operation of its products are mere bald assertions with passing reference to its engineer's declaration attached to its Motion. Norton has not produced

any technical documents that would support its non-infringement position. The few documents that Norton did provide do not establish that the Accused Products store the policies on the client device rather than the server. Lastly, Norton contends that the Accused Products are publicly available, and Kajeet should have known they do not infringe. However, the publicly available information upon which Kajeet relied and summarized in its Complaint indicates that polices are set and stored at the server consistent with Kajeet's arguments related to patent eligibility. Kajeet expects to confirm these facts when it receives Norton's internal design documents which, thus far, have yet to be produced. Regardless, the operation of Norton's Accused Products has no relevance to the Court's § 101 analysis.

### D.    Defendant is Circumventing Contention Disclosures, Discovery, and Claim Construction

Through its Request for Reconsideration Norton continues its pattern of conduct which runs completely counter to the manner in which federal litigation is designed to proceed.  The effect of Norton's position is to bypass the Federal Rules of Civil Procedure, Local Civil Rules, the discovery process, an dthe Scheduling Order in this case.

Rather, Norton believes it should be permitted to only participate in discovery to the extent it chooses by selectively producing only four documents, total, describing operation of the accused products which Norton contends show noninfringement.  Norton then demands that Kajeet produce infringement contentions and claim construction positions ahead of the date set by the Court despite Norton's abject failure to satisfy its Section 4(a) disclosure requirements. The Court should not condone this conduct.  Kajeet should be afforded the full benefit of discovery to vet Norton's positions and ascertain for itself the extent of infringement by the Accused Products.  That is what the Federal and Local Rules provide.  They operate as procedural and evidentiary safeguards allowing Kajeet to learn pertinent facts, review relevant

documents, examine witnesses, and generally develop its case for presentation to the Court before substantive decisions are made about the scope and meaning of the asserted claims.

Norton's present motion is plainly at odds with the very Rule under which it is brought, both based both upon subject matter untimeliness.  It asks the Court to revisit an *Alice* ruling in light of Norton's purported non-infringement positions and based on claim construction positions Norton assigns to Kajeet ahead of even receiving Kajeet's infringement contentions or proposals for claim construction.  It goes further by asking the Court to either improperly consider evidence outside of the pleadings in connection with disturbing the Court's prior *Alice* ruling or to construe the claims without the benefit of claim construction briefing and presentation of evidence.  Norton's Motion is nothing more than a continued attempt to stall the case while it avoids participation in the required disclosure process.

The Court's Scheduling Order provides for a sequence of disclosures that allow the parties to understand and evaluate each other's positions as the case progresses. The motion practice by Norton in this has only served to delay the process, and the case must proceed along the schedule the Court has set. The current schedule calls for Kajeet to provide its initial claim charts on July 8, 2021.[3] Norton is scheduled to provide its invalidity contentions on September 30, 2021. Claim construction briefing is set to begin on December 17, 2021 with a Markman hearing set for November 2, 2022.

Even the alternative relief Norton requests in its Motion (i.e., precluding Kajeet from presenting claim construction proposals and evidence) completely disregards the claim

---

[3] In connection with the discovery hearing on July 6, 2021 regarding deficiencies in Norton's production of core technical documents, Kajeet has requested that the Court extend the deadline for its initial claim charts for Norton until August 19, 2021 (the same date as Kajeet will serve claim charts on defendant McAfee, Inc. in a related case).

17

construction process and the system for presenting evidence and argument for the Court to weigh when construing the claims.  There is simply no basis for requesting the relief sought.[4]

Sadly, this pattern of conduct and arrogant disregard for the Rules does not come as a surprise.  Norton is represented by the same counsel who earlier represented Qustodio and who followed the exact same litigation roadmap in that case as Norton now follows.  Again, this complete disregard for the Rules governing this litigation should not be condoned.

## VII.   <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion should be denied in its entirety.


Dated:  July 1, 2021

Of Counsel:

Jonathan T. Suder
Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio, Jr.
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
jts@fsclaw.com
mtc@fsclaw.com
vowell@fsclaw.com
wojcio@fsclaw.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Kajeet, Inc.*

---

[4] Sadly, Kajeet has previously seen similar disregard for the Rule by other litigants in previous lawsuits such as the *Qustodio* case.