# EXHIBIT A

13:12:40

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
KAJEET, INC.,                  )
                               )
        Plaintiff,             )
                               ) C.A. No. 19-2370(MN)
v.                             )
                               )
GRYPHON ONLINE SAFETY, INC.,   )
                               )
        Defendant.             )
_____)
                               )
KAJEET, INC.,                  )
                               )
        Plaintiff,             )
                               ) C.A. No. 20-1339(MN)
v.                             )
                               )
NORTON LIFELOCK, INC.,         )
                               )
        Defendant.             )
```

Tuesday, February 23, 2021
10:00 a.m.
Motions Hearing (Remote)


844 King Street
Wilmington, Delaware



BEFORE:   THE HONORABLE MARYELLEN NOREIKA
          United States District Court Judge



APPEARANCES:


          FARNAN LLP
          BY:  ROSEMARY J. PIERGIOVANNI, ESQ.

          -and-

APPEARANCES (Cont'd):

        FRIEDMAN SUDOR & COOKE
        BY:  MIKE COOKE, ESQ.
        BY:  CORBY VOWELL, ESQ.

                Counsel for the Plaintiff

        PAZUNIAK LAW OFFICE
        BY:  GEORGE PAZUNIAK, ESQ.

        -and-

        THE KUMAR LAW FIRM
        BY:  SANJEEV KUMAR, ESQ.

             Counsel for the Defendant
             Gryphon Online Safety, Inc.

        BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
        BY:  KEVIN M. CAPUZZI, ESQ.
        BY:  CHARANJIT BRAHMA, ESQ.
        BY:  MANISH K. MEHTA, ESQ.

             Counsel for the Defendant
             Norton LifeLock, Inc.

18         - - - - - - - - - - -

19

20         THE COURT:  Good morning, counsel.  Can you hear

21  me?

22         (All counsel said yes.)

23         All right.  So why don't we start with some

24  introductions.

25         MR. COOKE:  Your Honor, shall I proceed with

```
10:53:32  1    stressed during the hearing.  You can't just do what Kajeet
10:53:36  2    suggest which is just say hey, it's -- you know, the Knutson
10:53:43  3    declaration should be considered simply because it dealt
10:53:50  4    with related patents.  The two patents are different and
10:53:53  5    they have to be considered separate.
10:53:55  6                 THE COURT:  Wait a second.  Wait a second.  You
10:53:58  7    essentially lumped the '559 and the '438 Patents together in
10:54:03  8    your 101 analysis and didn't make any distinctions in the
10:54:10  9    inquiry and the Plaintiff did the same in the briefing.  So
10:54:13 10    I find it difficult to believe that you actually think that
10:54:17 11    I need to make a completely separate analysis here given the
10:54:21 12    way the parties have treated these patents in their papers.
10:54:25 13                 MR. PAZUNIAK:  Your Honor, in our paper, yes, we
10:54:29 14    did treat certain aspects together, but we also drew that
10:54:36 15    distinction, for example, regarding the custodial case and
10:54:41 16    others.  Also, the commonality that we focused in on is the
10:54:49 17    commonality in the abstract ideas that are reflected in both
10:54:57 18    the '559 and '438 Patents.  But we also stress that there
10:55:04 19    are significant differences between them, for example, the
10:55:09 20    remote server issue which is --
10:55:11 21                 THE COURT:  Right. But it seems to me that
10:55:15 22    Plaintiff says well, you need to read these claims to
10:55:17 23    include that, and that seems to me to be a claim
10:55:21 24    construction issue that would preclude me from granting your
10:55:26 25    motion.
```

10:55:26 1     MR. PAZUNIAK:  Your Honor, let's turn to I think
10:55:34 2 it's slide 13 to address that immediately.  Claim 27 of the
10:55:44 3 '438 Patent does not recite anything about remote server or
10:55:48 4 distributed architecture.  If you go to the *Ericsson* case,
10:55:54 5 there is that section that counsel for Kajeet actually
10:55:57 6 referred to which is in that case the court considered the
10:56:05 7 argument of the patentee about a specific layered software
10:56:10 8 --
10:56:10 9     THE COURT:  But you agree that if there is a
10:56:13 10 claim construction issue, I need to decide that at least at
10:56:17 11 this stage in the Plaintiff's favor; right?
10:56:21 12     MR. PAZUNIAK:  I'm sorry, Your Honor, but I do
10:56:24 13 disagree because also in *Ericsson* --
10:56:27 14     THE COURT:  Let's put it this way, I'm not going
10:56:30 15 to do a claim construction, so the only way you're going to
10:56:33 16 get to a motion to dismiss, a successful motion to dismiss
10:56:38 17 is if you agree that whatever they say the claim
10:56:42 18 construction is, you should still win, so that's what you
10:56:47 19 need to address for me right now.
10:56:50 20     MR. PAZUNIAK:  Your Honor, what I was actually
10:56:52 21 disagreeing with -- maybe I wasn't clear -- is that if you
10:56:58 22 accept *Ericsson*, the court applies a plain and ordinary
10:57:04 23 meaning to the claims unless a claim construction issue is
10:57:08 24 raised.
10:57:09 25     THE COURT:  Right.  And I think that I'm saying

```
10:57:13  1   as I read the papers, Plaintiffs have at least raised a
10:57:16  2   claim construction issue as to whether the remote server
10:57:20  3   should be read into the claims of the '438 Patent and Bascom
10:57:23  4   and Cleveland Clinic, et cetera, seem to say that I should
10:57:27  5   resolve that in the Plaintiff's favor.  So assume that there
10:57:30  6   is this issue and that I need to say that the remote aspect
10:57:38  7   should be part of -- the remote storage aspect should be
10:57:42  8   part of the '438 Patent.  How do you win then?
10:57:47  9             MR. PAZUNIAK:  Your Honor, I guess if Your Honor
10:57:49 10   starts with that proposition that there is a viable claim
10:57:54 11   construction issue, then I can't.  However, the question is
10:58:00 12   whether there is any viability to any claim construction
10:58:04 13   issues when you look at the actual language of claim 27,
10:58:09 14   which is on slide 13, you will see that the -- all the
10:58:16 15   devices, the communication device, the policy decider, the
10:58:21 16   policy enforcer, all of these are specified in the claim as
10:58:27 17   being on a communication network.  There are no other
10:58:32 18   restrictions in the claims about where anything is located.
10:58:40 19             So when you have a very specific requirement in
10:58:42 20   the claim as to where things are located, and there is
10:58:49 21   nothing that suggest that there is some other -- there is
10:58:52 22   differences in locations in the claim, I don't think that
10:58:58 23   there is a viable claim construction issue.  And so we have
10:59:02 24   to apply the plain and ordinary meaning and the plain and
10:59:11 25   ordinary meaning is it's on a communications network.  And
```