IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAJEET, INC, <br><br> *Plaintiff,* <br><br> v. <br><br> NORTONLIFELOCK INC., <br><br> *Defendant.* | C.A. No. 1:20-cv-01339-MN <br><br> JURY TRIAL DEMANDED |

**NORTONLIFELOCK INC.'S FIRST AMENDED ANSWER TO
KAJEET, INC.'S COMPLAINT AND JURY DEMAND**

Defendant NORTONLIFELOCK INC. ("NLOK" or "Defendant"), for its First Amended Answer to Kajeet, Inc.'s ("Kajeet" or "Plaintiff") Complaint for Patent Infringement, states the following:

**I.     THE PARTIES**

1. NLOK lacks sufficient information to admit or deny the allegations in this Paragraph and, therefore, denies the same.

2. NLOK denies that NLOK is a limited liability company. NLOK admits that it is organized under the laws of Delaware with a principal place of business at 60 E. Rio Salado Parkway, Suite 1000, Tempe, Arizona 85281. NLOK admits that it may be served with process by serving its registered agent, Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

**II.    JURISDICTION AND VENUE**

3. To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent that a response is deemed to be required, NLOK

admits that the Complaint purports to state a cause of action for patent infringement and that the Court has jurisdiction over claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

4. NLOK admits that it is incorporated within the District of Delaware. NLOK further admits that it sells products in the District of Delaware. NLOK denies the remaining allegations of this Paragraph. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

5. To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent that a response is deemed to be required, NLOK does not contest that it is subject to venue in this District for purposes of this litigation. NLOK denies the remaining allegations of this Paragraph.

6. To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent that a response is deemed to be required, NLOK admits that it makes and sells products that are and have been used, offered for sale, sold, and purchased in the District of Delaware. NLOK further admits that it sells, directly or through its distribution network, products with the knowledge that those products will be sold and/or used in the District of Delaware. NLOK denies the remaining allegations of this Paragraph.

7. To the extent the allegations of this Paragraph state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, NLOK admits that it is subject to personal jurisdiction in this District and venue is proper in this District for the purposes of this litigation. NLOK denies that there is any merit to Kajeet's allegations of patent infringement.

### III. BACKGROUND AND FACTS

8. NLOK lacks sufficient information to admit or deny the allegations in this Paragraph and, therefore, denies the same.

14703062 v1

9. NLOK lacks sufficient information to admit or deny the allegations in this Paragraph and, therefore, denies the same.

10. NLOK lacks sufficient information to admit or deny the allegations in this Paragraph and, therefore, denies the same.

11. Denied.

12. NLOK lacks sufficient information to admit or deny the allegations in this Paragraph and, therefore, denies the same.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. NLOK admits that the quoted text in Paragraph 17 appears in U.S. Patent No. 8,667,559 ("the '559 Patent") without bolded or italic script. NLOK denies the remaining allegations of this Paragraph.

18. NLOK admits that what purports to be a copy of an Office Action Response dated July 17, 2013 from the prosecution of the '559 Patent is attached as Exhibit B to the Complaint. NLOK further admits that the quoted text in Paragraph 18 appears without bolded or italic script in Exhibit B. NLOK denies the remaining allegations of this Paragraph.

19. Denied.

20. NLOK admits that it develops software that manages functions of computing devices that operate on communication networks such as laptops, tablets, and smartphones. NLOK further admits that its software products manage computing devices capable of accessing online

14703062 v1

content and applications over a communication network managed by a service provider such as an internet service provider. NLOK denies the remaining allegations of this Paragraph.

21.     NLOK admits that Kajeet accuses the Norton Family Norton 360 Deluxe, Norton 360 Premium, Norton 360 with LifeLock Select, and Norton 360 with LifeLock Ultimate Plus products, Norton Family app, Norton Family for Parents app, and Norton Family parental control app (collectively, the "Complaint-Identified Products") of infringing the '559 Patent. NLOK further admits that the Complaint-Identified Products enable users to manage mobile devices that access content over a communication network via rules called "House Rules." NLOK denies the remaining allegations of this Paragraph. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

22.     NLOK admits that the Complaint-Identified Products are compatible for use with devices using iOS, Android, and Windows operating systems, including iPhones, iPads, Android phones, Android tablets, laptops, and Chromebooks. NLOK denies the remaining allegations of this Paragraph. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

23.     NLOK admits that the Complaint-Identified Products allow for the management of devices such as computers, tablets, and mobile devices by allowing or permitting functions based on House Rules. NLOK further admits that its software installed locally on a managed device can be used to apply House Rules that can permit or limit a user's access to device functions or network content. NLOK denies the remaining allegations of this Paragraph. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

24.     NLOK admits that House Rules may be set by parents using the Norton web portal on NLOK's website or on a mobile application downloaded on the parent's mobile device (e.g.,

14703062 v1

the Norton Family for Parents app on an iOS device or the Norton Family parental control app on an Android device). NLOK further admits that parents may set House Rules to set time usage limits or application usage limits on managed devices. NLOK further admits that different House Rules may be applied to a managed device and may define allowed or permitted functions depending on the time of day in accordance with schedules or time usage limits. NLOK denies the remaining allegations of this Paragraph. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

25. NLOK admits that enforcement of House Rules defines what functions and content a managed device is able to access or use. NLOK further admits that the Complaint-Identified Products may be used to selectively permit or block access to device functions such as Internet content and mobile applications based on House Rules that can be configured based on schedule or time. NLOK denies the remaining allegations of this Paragraph. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

26. NLOK admits that Norton Family app software operates locally on devices managed by the Complaint-Identified Products. NLOK further admits that the Norton Family app software maintains the House Rules that are set for a managed device on the managed device itself and enforces the House Rules on the managed device in response to requests to access functions on the managed device. NLOK denies the remaining allegations of this Paragraph. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

27. Denied. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

28. NLOK admits that it makes available online instructions how to install, set up, and use the Complaint-Identified Products such as those depicted in Exhibit C attached to the

14703062 v1

Complaint. NLOK denies the remaining allegations of this Paragraph. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

29. NLOK admits that it was made aware of the '559 Patent at least as of the service of this Complaint. NLOK denies the remaining allegations of this Paragraph. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

COUNT I

PATENT INFRINGEMENT

U.S. Patent No. 8,667,559 B1

30. NLOK incorporates by reference its answers to Paragraphs 1 through 29 as if fully set forth herein.

31. NLOK admits that the '559 Patent issued on March 4, 2014, and is entitled "Feature Management of a Communication Device." NLOK denies that the '559 Patent was duly and legally issued. NLOK further admits that what purports to be a copy of the '559 Patent is attached as Exhibit A to the Complaint. NLOK denies the remaining allegations of this Paragraph.

32. NLOK lacks sufficient information to admit or deny the allegations in this Paragraph and, therefore, denies the same.

33. Denied.

34. NLOK admits that the quoted text "being based on a policy stored at the server…." and that "the communication being enabled or disabled without storing the policy on the computing device" appears in claim 27 of the '559 Patent. NLOK denies the remaining allegations of this Paragraph.

35. NLOK admits the limitations of claim 27 of the '559 Patent require that management of a computing device is based on a policy stored at a server remote from the computing device. NLOK denies the remaining allegations of this Paragraph.

6

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. NLOK admits it was made aware of the '559 Patent at least as of the service of this Complaint. NLOK denies the remaining allegations of this Paragraph.

41. Denied. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

42. Denied. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

43. Denied. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

44. To the extent the allegations of this Paragraph state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, NLOK denies that there is any merit to Kajeet's allegations of patent infringement.

45. Denied.

46. Denied. NLOK further notes that the term "Accused Products" is not defined in the Complaint.

### IV. JURY DEMAND

47. To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent that a response is deemed to be required, NLOK denies that Kajeet is entitled to any relief from NLOK.

14703062 v1

## V. PRAYER FOR RELIEF

NLOK denies that Kajeet is entitled to any relief from NLOK, much less the relief set forth in Kajeet's Prayer for Relief, at least because the claims of the '559 Patent are neither valid, enforceable, nor infringed, either directly or indirectly, by NLOK. NLOK denies all of the allegations in subparagraphs A-G of Kajeet's Prayer for Relief

## AFFIRMATIVE DEFENSES

Without assuming any burden of production or proof that they would not otherwise be required to bear under applicable law, and reserving their right to assert additional defenses and/or affirmative defenses, NLOK asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

NLOK does not infringe, and has not infringed, any claim of the '559 Patent, literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

The claims of the '559 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application resulting in the issuance of the '559 Patent, Plaintiff is estopped from claiming infringement by NLOK of one or more claims of the '559 Patent.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for patent infringement are precluded in whole or in part: (i) to the extent any allegedly infringing products are supplied, directly or indirectly, to NLOK by an entity or entities having express or implied licenses to the '559 Patent; and/or (ii) under the doctrine of patent exhaustion.

**SIXTH AFFIRMATIVE DEFENSE**

Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages before the filing of its Complaint. Plaintiff is further barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred, in whole or in part, under principles of equity, including prosecution laches, acquiescence, express and/or implied license, waiver, estoppel, unclean hands, and/or any other equitable remedy. Plaintiff is also barred by issue preclusion from reasserting or altering its, or its predecessor-in-interest's, positions on factual and legal issues that were previously adjudicated.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to an injunction with respect to the '559 Patent under any theory because Plaintiff has not and will not suffer irreparable harm, upon information and belief, Plaintiff does not practice the '559 Patent, Plaintiff is not without adequate remedy at law, and/or public policy concerns weigh against any equitable relief.

**NINTH AFFIRMATIVE DEFENSE**

Any claim by Plaintiff for increased damages due to alleged willful infringement of the '559 Patent is improper as Plaintiff cannot show that NLOK knew or should have known that its actions constituted infringement of a valid claim of the '559 Patent or otherwise meet the requirements for willful infringement.

9

14703062 v1

**TENTH AFFIRMATIVE DEFENSE**

NLOK has an implied or express license to the '559 Patent.

**RESERVATION OF RIGHTS**

NLOK hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and reserves the right to amend its Answer and Affirmative Defenses to assert any such defense.

**DEMAND FOR JURY TRIAL**

NLOK requests a jury trial on all issues so triable.

**NORTONLIFELOCK INC.'S COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, NORTONLIFELOCK INC. ("NLOK") asserts the following Counterclaims against Kajeet, Inc ("Kajeet"). NLOK reserves the right to amend its Counterclaims to assert additional claims which may be revealed during discovery.

**NATURE AND BASIS OF ACTION**

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. NLOK respectfully requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 8,667,559 ("the '559 Patent"); and (ii) the claims of the '559 Patent are invalid.

**THE PARTIES**

2.      NLOK is a limited liability company organized under the laws of Delaware with a principal place of business at 60 E. Rio Salado Parkway, Suite 1000, Tempe, Arizona 85281.

3.      According to Plaintiff's Complaint, Kajeet is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 7901 Jones Branch Drive, Suite 350, McLean, Virginia 22102.

## JURISDICTION AND VENUE

4.     Subject to NLOK's defenses and denials, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over NLOK's Counterclaims under 28 U.S.C. § 1367.

5.     Subject to NLOK's defenses and denials, and any request to seek transfer of venue under 28 U.S.C. § 1404(a), personal jurisdiction and venue are proper in this District under at least 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because, among other reasons, Plaintiff has submitted to the venue of this Court by filing its Complaint here.

## FACTUAL ALLEGATIONS

6.     Upon information and belief, Plaintiff purports to be the owner of the '559 Patent.

7.     NLOK does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '559 Patent.

8.     Plaintiff's Complaint identifies the following NLOK products as allegedly infringing the '559 patent: Norton Family, Norton 360 Deluxe, Norton 360 Premium, Norton 360 with LifeLock Select, and Norton 360 with LifeLock Ultimate Plus products, Norton Family app, Norton Family for Parents app, and Norton Family parental control app (collectively, the "Norton Identified Products").

9.     Upon information and belief, all claims of the '559 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

10. NLOK realleges and reincorporates the allegations of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth here in full.

11. NLOK has not infringed and does not directly or indirectly infringe (such as by inducement or contributory infringement) any valid and enforceable claim of the '559 Patent and has not otherwise committed any acts of patent infringement in violation of 35 U.S.C. § 271.

12. The '559 Patent claim limitations require that the decision applied to manage a computing device is based on a policy stored at a server remote from the computing device.

13. Kajeet has also admitted that the '559 Patent claims require this limitation. For example, Kajeet has stated:

- "By virtue of storing policies remotely from the controlled device, they are inaccessible to the controlled device for manipulation or deletion, thereby improving system effectiveness." (Dkt. No. 19 at 2);

- "[T]he claims at issue capture the specific architecture in which policies are stored remotely from the computing device being controlled as identified in the Complaint and the Knutson Declarations." (Dkt. No. 19 at 3);

- "Kajeet addressed these shortcomings [of the prior art] by storing usage policies remotely from the communication device(s)." (Dkt. No. 19 at 3);

- "[T]he asserted claims of the '559 patent are addressed to a specific configuration and implementation of certain software and hardware network components to effectuate policy based control of network devices (e.g. communications from and to the device); namely, specific solutions in which the policies applied are stored remotely … Remote policy storage is required by the express limitations of the challenged claims." (Dkt. No. 19 at 10-11); and

- "[I]nstead of having the filtering tool at a remote location, we have the policies at a remote location." (Feb. 23, 2021 Hearing Tr. at 24:22-24; *see id.* at 21:4-22:1.)

14.     The Norton Identified Products do not manage a computing device based on a policy stored at the server remote from the computing device. Instead, the House Rules that are used to manage the computing device are stored on the computing device itself. Therefore the Norton Identified Products infringe any claim of the '559 Patent for at least this reason.

15.     NLOK has made the source code for the Norton Identified Products available to Kajeet for inspection as of March 26, 2021 to confirm the functionality of the products, however Kajeet has failed to inspect the source code to date.

16.     With respect to independent claim 1 and each dependent claim depending therefrom, NLOK does not infringe, including because the Norton Identified Products do not "cause the computing device at least to … receive in real-time from the server a response indicative of a decision granting or denying the request, the decision being based on one or more policies that are stored at the server" or enable or disable a requested communication "without accessing the one or more policies by the computing device."

17.     With respect to independent claim 13 and each dependent claim depending therefrom, NLOK does not infringe, including because the Norton Identified Products do not "access a decision stored on the computing device, the decision having been received from a server and being based on a policy that is stored at the server" and "receive from the server an update to the decision."

18.     With respect to independent claim 27 and each dependent claim depending therefrom, NLOK does not infringe, including because the Norton Identified Products do not perform a method that includes the step of "receiving in real-time from the server a decision granting or denying the request, the decision being based on a policy stored at the server…" and

13

14703062 v1

"enforcing the decision by enabling a communication with the remote computing device… the communication being enabled or disabled without storing the policy on the computing device."

19. An actual case and controversy exist between NLOK and Plaintiff based on Plaintiff having filed the Complaint against NLOK alleging infringement of the '559 Patent.

20. NLOK has been injured and damaged by Plaintiff's lawsuit.

21. NLOK therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '559 Patent.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY)

22. Norton realleges and reincorporates the allegations of Paragraphs 1 through 21, inclusive, of its Counterclaims as if set forth here in full.

23. The claims of the '559 Patent are invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112, for at least the reasons provided below.

24. The claims of the '559 Patent are invalid under § 112 for failure to enable and provide adequate written description for the claimed invention and because the claims do not particularly point out and distinctly claim the subject matter which the inventor regards as the invention.

25. The claims of the '559 Patent are invalid under § 101 for being directed to an unpatentable abstract idea, and for failing to recite an inventive concept. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014).

26. The claims of the '559 Patent are also invalid as anticipated and/or rendered obvious by at least, *inter alia*, U.S. Patent No. 6,578,076, U.S. Patent Application No. 2005/0021978, and U.S. Patent Application No. 2004/0166878.

27. An actual controversy exists between NLOK and Plaintiff based on Plaintiff having filed the Complaint against NLOK alleging infringement of the '559 Patent.

28. NLOK has been injured and damaged by Plaintiff's lawsuit.

29. NLOK therefore seeks a declaration that the '559 Patent is invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1 *et seq*.

## **THIRD COUNTERCLAIM**
### **(FALSE MARKING UNDER 35 U.S.C. § 292)**

30. The allegations of paragraphs 1-29 are incorporated herein by reference as though fully set forth herein.

31. Upon information and belief, and as will likely be supported by further evidence after a reasonable opportunity for further investigation and discovery, Plaintiff has falsely marked its products and thus violated 35 U.S.C. § 292, and NLOK has the right to seek redress of Kajeet's false marking violation pursuant to at least 35 U.S.C. § 292(b).

32. Plaintiff's website improperly associates its products and services with the '559 patent and other U.S. patents that do not cover one or more of those products and services. For example, Plaintiff's website states: "Kajeet products and services are protected by the following issued U.S. Patents: 10,757,267; 10,555,140; 10,313,532; 10,285,025; 10,057,300; 10,009,480; 9,237,433; 9,137,389; 9,137,386; 9,125,057; 8,995,952; 8,929,857; 8,918,080; 8,774,755; 8,774,754; 8,755,768; 8,731,517; 8,725,109; 8,712,371; 8,706,079; 8,667,559; 8,644,796; 8,639,216; 8,634,803; 8,634,802; 8,634,801; 8,630,612; 8,611,885; 8,600,348; 8,594,619; 8,588,735; 8,285,249; 8,078,140; 7,945,238; 7,899,438; 7,881,697; 10,826,950; 11,070,681."

(Ex. A, accessed on February 17, 2022, from https://www.kajeet.net/company/patents-and-licensing/).

33. However, on information and belief, Plaintiff and its officers, including at least Plaintiff's Chief Executive Officer ("CEO"), Chairman, and Founder, Daniel Neal, and Plaintiff's President, Chief Operating Officer ("COO") and Founder, Ben Weintraub, know and have known that Kajeet's association of its products and services as covered by the '559 patent and other listed patents, including through its website, is inaccurate.

34. On information and belief, Plaintiff and at least Messrs. Neal and Weintraub know and have known that Kajeet's current products, among other things, do not locally enforce policy decisions and, for at least this reason, fall outside of the scope of each of the claims of the '559 patent. Despite this knowledge, Kajeet and at least Messrs. Neal and Weintraub intentionally caused the '559 patent and other patents that do not cover Kajeet's products and services to be listed on Kajeet's patent marking webpage.

35. Messrs. Neal and Weintraub are named inventors for the '559 patent and signed a declaration of inventorship stating that they were among the original inventors of the alleged invention(s) claimed by the '559 patent.

36. In a separate, joint declaration executed on September 19, 2013 by Messrs. Neal and Weintraub and on other dates by the remaining named co-inventors of the '559 patent, Messrs. Neal and Weintraub stated that they each were "actively involved in various stages of the conceptualization, design, development, implementation and the overall operations of Kajeet's products, services and business, including the products and services that are disclosed in" a patent application sharing a common specification with the '559 patent. Upon information and belief, Messrs. Neal and Weintraub have remained actively involved in the conceptualization, design,

development, implementation and the overall operations of Kajeet's products, services and business to the present day. Accordingly, at least Messrs. Neal and Weintraub, as well as other employees and officers of Kajeet know and have known that Kajeet's products and services are not covered by the claims of the '559 patent and other patents listed on its website.

37. On information and belief, Messrs. Neal and Weintraub and other empoyees and officers of Kajeet intentionally caused the '559 patent and other patents that do not cover Kajeet's products and services to be listed on Kajeet's webpage and did so with the intent to deceive the public regarding the scope of the '559 patent and its other patents. Specifically, upon information and belief, Messrs. Neal and Weintraub and the employees and officers of Kajeet caused the '559 patent and other patents that do not cover Kajeet's products and services to be listed on Kajeet's webpage and otherwise marked on Kajeet's products and services under 35 U.S.C. § 292 to support a campaign of litigation against competitors, including NLOK, and to discourage NLOK and other competitors from offering competing policy-based device management products and services.

38. On information and belief, the products and services made and sold by Plaintiff that are marked with the '559 patent are unpatented articles under 35 U.S.C. § 292 with respect to at least the '559 patent.

39. On information and belief, Plaintiff has knowledge that the products sold by Plaintiff are unpatentable articles under 35 U.S.C. § 292 with respect to at least the '559 patent and has formed the requisite deceptive intent to establish false marking under 35 U.S.C. § 292.

40. On information and belief, Plaintiff has a pattern and practice of licensing its patents to third-parties, including without limitation the '559 patent, and requires its licensees to falsely mark their products with at least the '559 patent.

41. As a result of Plaintiff's false marking and deceptive intent, NLOK has suffered and continues to suffer competitive injury.

## PRAYER FOR RELIEF

WHEREFORE, NLOK respectfully requests a judgment as follows:

A. that the Court dismiss with prejudice Plaintiff's Complaint;

B. that the Court deny Plaintiff any relief against NLOK;

C. that the Court enter a judgment that the '559 Patent is invalid;

D. that the Court enter a judgment that NLOK does not infringe any claim of the '559 Patent;

E. that the Court enter a judgment that Plaintiff falsely marks its products under 35 U.S.C. § 292;

F. that the Court declare this is an exceptional case under 35 U.S.C. § 285 and award NLOK its costs and attorneys' fees; and

G. that the Court award NLOK any and all other relief to which it may be entitled, or which the Court deems just and proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, NLOK respectfully demands a jury trial of all issues triable to a jury in this action.

14703062 v1

| | |
|---|---|
| Dated: February 23, 2022 | **BENESCH, FRIEDLANDER,  COPLAN & ARONOFF LLP** |
| **BENESCH, FRIEDLANDER,  COPLAN & ARONOFF LLP** | /s/ Kevin M. Capuzzi  Kevin M. Capuzzi (DE #5462)  Noelle B. Torrice (DE #5957)  1313 N. Market Street, Suite 1201  Wilmington, DE 19801  Telephone: 302.442.7010  Facsimile: 302.442.7012  Email: *kcapuzzi@beneschlaw.com*  Email: *ntorrice@beneschlaw.com* |
| Manish K. Mehta (*admitted pro hac vice*)  Zaiba Baig (*admitted pro hac vice*)  Simeon Papacostas (*admitted pro hac vice*)  Cristina Almendarez  (*admitted pro hac vice*)  71 South Wacker Drive, Suite 1600  Chicago, IL 60606  Telephone: (312) 212-4949  Facsimile: (312) 757-9192  Email: *mmehta@beneschlaw.com*  Email: *zbaig@beneschlaw.com*  Email: *spapacostas@beneschlaw.com*  Email: *calmendarez@beneschlaw.com*  Charanjit Brahma (*admitted pro hac vice*)  One Montgomery Tower, Suite 2700  San Francisco, CA 94104  Telephone: 628. 600.2241  Facsimile: 628.221.5828  Email: *cbrahma@beneschlaw.com* | *Attorneys for Defendant NortonLifeLock, Inc.* |

14703062 v1

## CERTIFICATE OF SERVICE

I, Kevin M. Capuzzi, hereby certify that, on February 23, 2022, a true and correct copy of the foregoing *Defendant's Answer to Plaintiff's Complaint and Jury Demand* was served via CM/ECF on the parties listed below:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>Farnan LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 777-0300<br>*bfarnan@farnanlaw.com*<br>*mfarnan@farnanlaw.com*<br><br>*Attorneys for Plaintiff Kajeet, Inc.* | Jonathan T. Suder, Esquire<br>Michael T. Cooke, Esquire<br>Corby R. Vowell, Esquire<br>Richard A. Wojcio, Jr.<br>FRIEDMAN, SUDER & COOKE<br>Tindall Square Warehouse No. 1<br>604 East 4th Street, Suite 200<br>Fort Worth, Texas 76102<br>Telephone: (817) 334-0400<br>Facsimile: (817) 334-0401<br>*jts@fsclaw.com*<br>*mtc@fsclaw.com*<br>*vowell@fsclaw.com*<br>*wojcio@fsclaw.com* |

Dated: February 22, 2022                           */s/ Kevin M. Capuzzi*

                                                                Kevin M. Capuzzi (DE #5462)
                                                                Wilmington, Delaware

14703062 v1